P. Fortunich et als. *v.* The City of New Orleans—M. Staganco-viche et als. *v.* The same—T. Letcoviche et als. *v.* The same.

In an action against the city corporation to recover damages for injury done by a mob, when the defence pleaded was a general denial—*Held:* That under the pleadings the city might prove in mitigation of damages that the plaintiffs had exposed their property in the public market, in violation of an ordinance of the city requiring the markets to be closed at the hour when the injury was done, but that such evidence, could not be received as a complete bar to the action.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Johnson & Davis,* for plaintiffs. *J. J. Michel,* for defendants and appellants.

Merrick, C. J. These three suits have been brought to recover damages done by a mob, during the night of the 2d of June, 1856, to certain fruit stands of the plaintiffs in the fruit market. The actions are based upon the Act of the Legislature, approved 9th of March, 1855, (Acts 1855, p. 45,) which is in these words, viz :

" Be it enacted, &c., That the different municipal corporations in this State, shall be liable for the damages done to property by mobs or riotous assemblages in the irrespective limits."

The defendant pleaded the general denial. There was a verdict of the jury and judgment of the court thereon, in each case respectively, in favor of the plaintiffs.

The first question presented by the record for our consideration, is a bill of exception taken to the opinion of the lower court allowing the defendant to introduce the city ordinance, approved 20th Nov. 1852, the sixth section of which provides that the market shall be opened at the dawn of day and close at twelve o'clock M.

Had this ordinance been relied upon by the defendants, as a complete bar to plaintiff's action, it could not have been offered in evidence under the general issue. But it does not appear, by the bill of exception, to have been offered for that purpose, and the only question now is, was it admissible for any purpose ?

It appears to us that it was admissible under Article 2303 of the Civil Code in mitigation of damages.

The Article cited is as follows : " Art. 2303—the damage caused is not always estimated at the exact value of the thing destroyed or injured ; it may be reduced according to circumstances, if the owner of the thing has exposed it imprudently.

The defendant contends, that inasmuch as the plaintiffs were in fault in keeping open their stalls, in violation of the ordinance, they cannot recover under the well known legal principle, that where the damage has happened through the fault of both parties neither can recover.

Without admitting that the principle can have any application to a case like the present, it is a sufficient answer to say that this defence has not been pleaded and, as already observed, the ordinance could not have been introduced under the pleadings as a justification.

In regard to the damages there is much uncertainty. But they have been assessed by a jury of the city, who are much better qualified to judge of the facts of

the case than most of the members of this court, and their verdicts have been approved by the District Judge.

The judgment of the lower court in each of the above named cases is, therefore, affirmed.