## KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* JONES, ADMINISTRATRIX.

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 492.   Argued April 3, 4, 1916.—Decided May 1, 1916.

In the trial of an action under the Federal Employers' Liability Act defendant is denied a Federal right if he is denied a fair opportunity to show, in accordance with proper practice, negligence attributable to the employee in diminution of damages; nor, in the absence of a settled local rule of practice requiring counsel to announce in advance the purpose for which evidence is tendered, can evidence as to contributory negligence be excluded because tendered without notice that it is restricted to diminution of damages.

When evidence can be introduced for one purpose only it is unnecessary for counsel in offering it to go through the idle form of announcing its purpose.

137 Louisiana, 178, reversed.

THE facts, which involve the validity of a judgment for damages recovered by the representative of an employee of an interstate carrier in the state court and under the Federal Liability Act, are stated in the opinion.

*Mr. S. W. Moore,* with whom *Mr. F. W. Moore* and *Mr. J. D. Wilkinson* were on the brief, for plaintiff in error.

*Mr. Leon R. Smith,* with whom *Mr. Newton C. Blanchard* and *Mr. Otis W. Bullock* were on the brief, for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Claiming under the Federal Employers' Liability Act (April 22, 1908, c. 149, 35 Stat. 65; April 5, 1910, c. 143,

36 Stat. 291), defendant in error brought this suit in a state court against the railroad company to recover damages resulting from her husband's death by accident while employed as engineer on a passenger train. A loaded car, having escaped from the switching crew, ran down a long grade, struck his engine with great violence as it was rounding a curve near the Shreveport yard, and killed him.

The company denied negligence on its part but interposed no plea setting up the defense of contributory negligence. A jury found for the administratrix and judgment thereon was affirmed by the Supreme Court of the State.

During cross-examination of the fireman, counsel attempted to show that the engineer was negligent in not having his train under proper control. The court sustained an objection "to any evidence as to contributory negligence as same is not pleaded." Proper exception was taken and duly noted. Thereupon, the record recites, "counsel for plaintiff asks that this objection and ruling and bill of exceptions be made general to apply to all such evidence and it is so ordered." Upon rehearing the Supreme Court held evidence of contributory negligence, though not pleaded and inadmissible to defeat a recovery, should have been received in mitigation of damages if offered for that specific purpose. But it said the evidence in question was properly excluded because tendered without restriction.

We have been cited to no authority showing a settled local rule requiring counsel, without inquiry by the court, to announce in advance the purpose for which evidence is tendered. Earlier cases in Louisiana lend support to the contrary and commonly approved practice. *Thompson* v. *Chauveau*, 6 Mart. N. S. 458, 461; *Hitchcock* v. *North*, 5 Robinson, 328, 329; *Fortunich* v. *New Orleans*, 14 La. Ann. 115; *Caspar* v. *Prosdame*, 46 La. Ann. 36. See *McAfee* v. *Crofford*, 13 How. 446, 456; *Buckstaff* v. *Russell*, 151 U. S. 626, 636; *Farnsworth* v. *Nevada Co.*, 102

Fed. Rep. 578, 580; *Hubbard* v. *Allyn*, 200 Massachusetts, 166, 171; *Mighell* v. *Stone*, 175 Illinois, 261, 262.

It is declared by the act of Congress upon which the suit is based:—

"Sec. 3. That in all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this Act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death; the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. . . ."

Manifestly, under this provision a defendant carrier has the Federal right to a fair opportunity to show in diminution of damages any negligence attributable to the employee.

The state Supreme Court upheld the railway company's claim of right to show contributory negligence under its general denial; but the trial court emphatically denied this and positively excluded all evidence to that end. As, under the Federal statute, contributory negligence is no bar to recovery, the plain purpose in offering the excluded evidence was to mitigate damages. In such circumstances it was unnecessary to go through the idle form of articulating the obvious. If timely objection upon the ground ultimately suggested by the Supreme Court had been sustained, it could have been easily obviated; but counsel had no reason to anticipate such a ruling and certainly, we think, were not required to do so at their peril.

Plaintiff in error has been improperly deprived of a Federal right. The judgment below is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*