## ROSS v. NEW YORK, C. & ST. L. R. CO.
### No. 6460.

Circuit Court of Appeals, Sixth Circuit.

Oct. 12, 1934.

S. T. Gaines, of Cleveland, Ohio (Borden & Gaines, of Cleveland, Ohio, on the brief), for appellant.

W. T. Kinder, of Cleveland, Ohio (Tolles, Hogsett & Ginn, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

PER CURIAM.

Action for damages for personal injuries. The plaintiff claimed the right to recover under the Federal Employers' Liability Act (April 22, 1908, c. 149, § 1, 35 Stat. 65, title 45, U. S. C., § 51 [45 USCA § 51]), and also under the Boiler Inspection Act, § 2, as amended (June 7, 1924, c. 355, § 2, 43 Stat. 659, title 45, U. S. C. § 23 [45 USCA § 23]).

The court charged the jury at the conclusion of the evidence that no liability was imposed upon the defendant under the Federal Employers' Liability Act, but submitted the case to the jury under the Boiler Inspection Act. A general verdict for the defendant was returned, upon which judgment was rendered. From this judgment plaintiff appeals.

The principal claim of error made on behalf of plaintiff is that the trial court erred prejudicially in permitting evidence to be received, over objection and exception, as to the existence and promulgation of a certain safety rule of the defendant claimed to have been violated by plaintiff. A number of witnesses called on behalf of the defendant were allowed to testify concerning instructions requiring railroad employees in the operation of blowing off a locomotive boiler to open the blow-off cock from the running board instead of from the ground, from which place plaintiff conducted the operation in which he was injured.

Plaintiff contends that the violation of the rule constituted contributory negligence, and that if violation of the Boiler Inspection Act was shown, contributory negligence does not avail the carrier as a defense. How-

188

ever, the jury evidently found that no such violation existed.

The petition charged violation of the Federal Employers' Liability Act, and under that enactment, section 53, title 45, U. S. C. (45 USCA § 53), testimony bearing upon the contributory negligence of the defendant is admissible in diminution of damages except where the common carrier has violated any statute enacted for the safety of employees, thus contributing in whole or in part to the injury or death of such employee. Kansas City Southern R. Co. v. Jones, Adm'x, 241 U. S. 181, 36 S. Ct. 513, 60 L. Ed. 943.

The testimony as to the existence, promulgation and violation of the rule was admissible at the time it was received, for no violation of a safety act had been shown and the case was still being heard under the Federal Employers' Liability Act. When the court charged the jury that no liability was imposed upon the defendant because of the Federal Employers' Liability Act, counsel for plaintiff should then have requested that all testimony as to the existence, promulgation, and violation of the rule be excluded from the record and that the jury be instructed to disregard it. No such request was made.

The judgment of the District Court is affirmed.