### 30968. TANKERSLEY *v.* SOUTHERN RAILWAY COMPANY.

DECIDED OCTOBER 18, 1945.

*Hardin & McCamy, James Maddox, J. L. Wallace,* for plaintiff. *R. Carter Pitlman,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) It is well settled by the decisions of the Federal courts, construing the provisions of the Federal employers' liability act, that, in a case like this, the defendant can not base its defense upon the grounds that the plaintiff was guilty of contributory negligence, or that he had assumed the risks of his employment. However, it is equally well settled by the Federal courts that under said act liability arises from the negligence of the employer and not from the injury of the employee, and that the negligence must be the proximate cause of the injury. Tiller *v.* Atlantic &c. Co., 318 U. S. 54 (63 Sup. Ct. 444, 87 L. ed. 610, 143 A. L. R. 967). "In order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. Events too remote to require reasonable prevision need not be anticipated." Brady *v.* Southern Ry. Co., 320 U. S. 476, 483 (64 Sup. Ct. 232, 88 L. ed. 239). While it is the duty of the employer to exercise reasonable care to the end that the employee be furnished with a reasonably safe place in which to work and reasonably safe tools and appliances, "the employer is not however the 'insurer' of the safety of his employee, and the test is whether reasonable or ordinary care has been exercised by the employer in that regard." McGivern *v.* Northern Pac. Ry. Co., 132 Fed. 2d, 213 (11). In the McGivern case the court (page 217) said: "The duty of providing a reasonably safe place in which to work and reasonably safe appliances with which to work, while a continuing one, does not obligate the employer to keep the place of work safe at every moment where such safety may depend on the due performances of work by the servant and his fellow workmen. Kreigh *v.* Westinghouse, 214 U. S. 249 (29 Sup. Ct. 619, 53 L. ed. 984)." In the McGivern case (page 219), it was also stated: "But it is said that conced-

ing McGivern's negligence, it was only contributory negligence and hence not a defense. There can, of course, be no contributory negligence, properly speaking, unless there is negligence on the part of the defendant. Here the negligence was that of McGivern alone. It was his failure to act that resulted in his injury and defendant can not be held liable therefor. Frese *v.* Chicago, B. & Q. R. Co., 263 U. S. 1 (44 Sup. Ct. 1, 68 L. ed. 131)." In Missouri Pac. R. Co. *v.* Aeby, 275 U. S. 426, 430 (48 Sup. Ct. 177, 72 L. ed. 351), where the railroad company was sued, under the Federal employers' liability act, by a station agent of the company for injuries received in a fall on the station platform, the court said: "No employment is free from danger. Fault or negligence on the part of petitioner [the railroad company] may not be inferred from the mere fact that respondent fell and was hurt. She knew that it had rained and that the place was covered with ice and snow. Her knowledge of the situation and of whatever danger existed was at least equal to that chargeable against the petitioner. Petitioner was not required to give her warning. National Biscuit Co. *v.* Nolan, 138 Fed. 6, 12."

In the instant case, it was not charged that the "climbers" furnished by the employer to the employee were not safe, but the charge was that the employer had failed to furnish him with a safe place in which to work, "the pole with the crack in it being an unsafe place." The petition failed to allege that the pole in question or any part thereof was rotten, or defective in any particular, except that it had a "crack" in it about 12 feet from the ground; and the petition alleged that "an inspection of the pole would have made known the presence of the crack and its danger to one attempting to climb the same with climbers as was usual and ordinary by persons engaged in the maintenance and care of the lines attached thereto." There is a clear inference from that allegation that the *plaintiff*, by an inspection of the pole, would have known of the crack and of the danger of climbing the pole with climbers. Furthermore, the petition alleged that it was the plaintiff's business and duty to *maintain* and *repair* the telephone lines, and that in doing so he had to climb the poles with climbers. The petition alleges that "the defendant knew, or by the exercise of ordinary care, ought to have known" of the crack in the pole. That allegation, properly construed (most strongly

against the pleader), shows that the defendant had no actual knowledge of the crack, and merely charges that he should have known of it by the exercise of ordinary care. How then should the defendant have gained knowledge of the crack? The only possible way was through its agents or employees whose duties were to maintain and repair the telephone lines attached to the poles, and in this case such an employee was the plaintiff.

In our opinion, the petition, construed most strongly against the plaintiff, fails to show that the injuries sued for were caused by any negligence of the defendant, but clearly shows that the injuries resulted from the plaintiff's negligence alone. As this ruling is controlling, the other issues raised by the petition and the demurrer thereto are not considered. The sustaining of the general demurrer to the petition was not error.

*Judgment affirmed. MacIntyre, J., concurs.*

GARDNER, J., specially concurring. I concur in the result of the opinion, but I can not concur in this statement: "How then should the defendant have gained knowledge of the crack? The only possible way was through its agents or employees whose duties were to maintain and repair the telephone lines, attached to the poles, and in this case such an employee was the plaintiff." There is no allegation in the petition that it was the duty of the plaintiff to inspect poles and report their condition to the company. But it was his duty to exercise ordinary care in climbing the poles and to make whatever inspection was required for his own safety. The petition shows that the defect was patent—that the defect was apparently a weather crack which he knew, or by the exercise of ordinary care should have known, was in the pole.