**PALUM v. LEHIGH VALLEY R. CO.**

Civil No. 6683.

District Court, E. D. New York.

May 23, 1946.

See, also, 5 F.R.D. 216.

Blank & Convisser and Morris S. Borden, all of Brooklyn, N. Y. (William A. Blank, of Brooklyn, N. Y., of counsel), for plaintiff.

Alexander & Green, of New York City, (William R. McDermott, of New York City, of counsel), for defendant.

BYERS, District Judge.

This is a motion to strike the second separate defense in an answer to a complaint in an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The complaint alleges that the plaintiff was injured while performing his duties "due to the negligence of the defendant and its employees".

That is denied in the first paragraph of the answer, thus putting in issue the question of defendant's negligence. Unless the plaintiff sustains his burden of proof, it is to be supposed that he will fail to recover.

The defendant fears that, under that issue, it may not be able to show that the injuries complained of were caused, not by the defendant's negligence, but by plaintiff's own failure to exercise due care. No decision is cited to support that position, and it seems to be opposed to realities. If the defendant's proof demonstrates that the plaintiff's lack of due care *alone* caused his injury, that is the same thing as showing freedom from negligence on the part of defendant.

The second defense alleges: "That any injuries which the plaintiff may have sustained * * * were caused by the carelessness and negligence of the plaintiff himself."

If that means that the plaintiff's alleged negligence was the sole cause of the injury, it is not necessary to plead it specially, for the reason stated above. If it is an alternative statement to the fourth separate defense which pleads contributory negligence, namely, that which could, if shown, diminish but not defeat the plaintiff's cause, it is superfluous.

In either case, the plaintiff's motion must be granted. Settle order.