### GRAY v. PENNSYLVANIA R. CO.

District Court, S. D. New York.

Nov. 15, 1946.

684

Edward Norwalk, of New York City, for plaintiff.

Louis J. Carruthers, of New York City (David J. Mountain, Jr., of New York City, of counsel), for defendant.

CAFFEY, District Judge.

Plaintiff, an employee of defendant, sues under the Federal Employers' Liability Act, §§ 1–10, 45 U.S.C.A. §§ 51–60, to recover for injuries claimed to have been sustained, while in the discharge of his duties, solely as the result of the negligence of defendant, its servants, agents and em-ployees. It is not alleged that defendant violated any statute enacted for the safety of employees.

Defendant, in addition to what is prac-tically a general denial, pleads assumption of risk as a first complete defense, and, as both a complete and a partial defense, contributory negligence, without any fault or negligence on its part.

Plaintiff now moves to strike out each of these defenses on the ground that each is insufficient in law. Defendant claims that in its first defense it has merely in-serted the defense provided for by Section 54 of the Act and that in its second and third defenses it has also merely inserted the defense provided for by Section 53 of the Act.

 Section 54 provides that in any action brought under the Act the employee "shall not be held to have assumed the risks of his employment in any case where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of such car-rier." This clause was added by an amend-ment to the Section adopted in 1939.

In Tiller v. Atlantic Coast Line R. R. Co., 318 U.S. 54, at page 58, 63 S.Ct. 4' ', 446, 87 L.Ed. 610, 143 A.L.R. 967, the Supreme Court reviewed with care the origin and development of the assumption of risk doctrine and the reasons which led to the enactment of the amendment and said:

"We hold that every vestige of the doc-trine of assumption of risk was obliterated from the law by the 1939 amendment, and that Congress, by abolishing the defense of assumption of risk in that statute, did not mean to leave open the identical defense for the master by changing its name to 'non-negligence.' "

And 318 U.S. at page 64, 63 S.Ct. at page 450, 87 L.Ed. 610, 143 A.L.R. 967:

"The result is an Act which requires cases tried under the Federal Act to be handled as though no doctrine of assump-tion of risk had ever existed."

The first defense alleges that plaintiff, at the time he received his alleged injuries, assumed the risk of his employment, and that at such time the defendant and its employees, etc., were not negligent. In

order to recover, plaintiff must prove that his injuries resulted, at least in part, from the negligence of one or more of defendant's employees. If he makes such proof, the Act provides that assumption of risk is no defense. If he fails to make such proof, he will be non-suited and whether or not he assumed the risk of his employment is immaterial. Therefore, this defense is insufficient in law and must be stricken.

The second and third defenses allege that, if plaintiff was injured, he was so injured by reason of his own negligence and without any fault or negligence on the part of defendant or its employees, etc.

Section 53 of Title 45 provides that, in all actions brought under the Act, "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."

In its answer defendant specifically denies all the allegations of the complaint that plaintiff's injuries were caused solely by the negligence of defendant or its employees, etc. The allegations in these defenses that he was injured solely by reason of his own negligence and without any fault or negligence on the part of defendant or its employees are superfluous. These facts can all be proved under the general denial, which puts in issue not only the question of defendant's negligence but also the question of plaintiff's contributory negligence.

In Kansas City Southern R. Co. v. Jones, 241 U.S. 181, 36 S.Ct. 513, 60 L.Ed. 943, also an action under the Federal Employers' Liability Act, the defendant denied negligence on its part but did not set up the defense of contributory negligence. The trial court excluded all evidence as to contributory negligence. In reversing a judgment for plaintiff the court held that such evidence was admissible under defendant's general denial. It said, 241 U.S. at page 182, 36 S.Ct. at page 514, 60 L.Ed. 943:

"Manifestly, under this provision [Section 53 of Title 45], a defendant carrier has the Federal right to a fair oppor-

tunity to show in diminution of damages any negligence attributable to the employee. * * * As, under the Federal statute, contributory negligence is no bar to recovery, the plain purpose in offering the excluded evidence was to mitigate damages. In such circumstances it was unnecessary to go through the idle form of articulating the obvious."

In Pittsburgh, C., C. & St. L. Ry. Co. v. Cole, 6 Cir., 260 F. 357, 363 (below the middle of the page), this case was cited in support of the following statement, viz.:

"Since contributory negligence does not bar the action, but only mitigates damages, it was not necessary, to the introduction of an issue in that behalf through the evidence, either to allege such negligence or present an issue on that subject in the pleadings."

See also Palum v. Lehigh Valley R. Co., D.C.E.D.N.Y., 65 F.Supp. 1010.

For statements of the rule in other forms of action, see Canadian Pac. R. Co. v. Clark, 2 Cir., 74 P. 362, Long Island R. Co. v. Darnell, 2 Cir., 221 F. 191, 194, and Bowker v. Donnell, D.C.S.D.N.Y., 226 F. 359.

Therefore, the second and third defenses are both superfluous and unnecessary, as well as insufficient in law, and must be stricken.

Settle order on two days' notice.