YOUNG A. MEDLIN v. L. R. POWELL, JR., and HENRY W. ANDERSON, AS RECEIVERS OF SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 13 October, 1948.)

**1. Master and Servant § 27—**

The doctrine of assumption of risk, which constituted a defense under the Federal Employers' Liability Act except in cases where the negligence of the carrier consisted in the violation of some statute enacted for the safety of employees, 45 U. S. C. A. 54, was entirely abrogated by the amendment of 1939, 53 Stat., 1404, and since the amendment, assumption of risk in any guise or form is not available to the carrier as a defense.

**2. Same—**

Since the amendment of 1939, the doctrine of assumption of risk is entirely immaterial in an action under the Federal Employers' Liability Act, and therefore the carrier's plea of assumption of risk as a plea in bar is properly stricken from the answer upon motion of plaintiff employee.

APPEAL by defendants from *Williams, J.,* at June Term, 1948, of VANCE.

This is an action to recover for personal injuries under the provisions of the Federal Employers' Liability Act.

The plaintiff alleges in his complaint, that on the 9th day of January, 1946, he was in the employ of the defendants as a flagman and brakeman on one of the defendants' trains, which was being operated in interstate commerce; that he was injured by the negligence of the defendants' engineer, who was in charge of the train.

The defendants filed an answer denying plaintiff's allegations of negligence and pleaded the assumption of risk as a plea in bar of his right to recover.

The plaintiff moved the court to strike the plea in bar from the defendants' answer, on the ground that it is not a legal defense under the Federal Employers' Liability Act, and evidence in support of such plea would not be admissible in the trial of the action.

The motion was allowed, and defendants appeal and assign error.

*Thos. J. Lewis, of Atlanta, Ga.; J. M. Peace, and A. A. Bunn for plaintiff.*

*Pittman, Bridgers & Hicks and Murray Allen for defendants.*

DENNY, J. Since the adoption of the amendment to the Federal Employers' Liability Act, on 11 August, 1939, 53 Stat., 1404, 45 U. S. C. A. 54, the doctrine of assumption of risk is no longer a defense in actions arising under the Act, if the employee's injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of the defendant carrier. *Tiller v. Atlantic Coast Line R. Co.,* 318 U. S., 54, 87 L. Ed., 610, 143 A. L. R., 967. Prior to the adoption of the above amendment, the assumption of risk as a defense had been abolished only where the negligence of the carrier had been in violation of some statute enacted for the safety of employees. *Jacobs v. Southern R. Co.,* 241 U. S., 229, 60 L. Ed., 970.

We think the ruling of the court below is sustained by the overwhelming weight of authority.

It is said in *Tiller v. Atlantic Coast Line R. Co., supra:* "We hold that every vestige of the doctrine of assumption of risk was obliterated from the law by the 1939 amendment, and that Congress, by abolishing the defense of assumption of risk in that statute, did not mean to leave open the identical defense for the master by changing its name to 'non-negligence.'" And after discussing at some length the difficulties courts have encountered in actions brought under the provisions of the Federal Employers' Liability Act, with particular reference to the difficulty of

distinguishing between contributory negligence and assumption of risk, the Court said: "It was this maze of law which Congress swept into discard with the adoption of the 1939 amendment to the Employers' Liability Act, releasing the employee from the burden of assumption of risk by whatever name it was called. The result is an Act which requires cases tried under the Federal Act to be handled as though no doctrine of assumption of risk had ever existed."

It seems clear to us that if the doctrine of assumption of risk had never been recognized as a defense, it would certainly be improper to permit it to be so pleaded. Moreover, the identical question presented on this appeal, was decided in the case of *Gray v. Pennsylvania R. Co.* (District Court S. D., N. Y.), 71 F. Supp., 683, in which the Court said: "In order to recover, plaintiff must prove that his injuries resulted, at least in part, from the negligence of one or more of defendant's employees. If he makes such proof, the Act provides that assumption of risk is no defense. If he fails to make such proof, he will be nonsuited and whether or not he assumed the risk of his employment is immaterial. Therefore, this defense is insufficient in law and must be stricken." Likewise, in *Eckenrode v. Pennsylvania R. Co.* (District Court E. D. Penn.), 71 F. Supp., 764, the Court held: "The *Tiller case* made it plain that under the Statute every phase of the doctrine of assumption of risk is completely eliminated, and it must not enter into the Court's consideration either as a defense or, upon the issue of negligence, as an element in determining the measure of the employer's duty of care to the injured employee. The practical effect of the Tiller decision upon the present case is that, for the purpose of determining what duty of care Sunderlin (the acting engineer) owed to Eckenrode, the latter must be treated as though he were a non-employee in a position in which he had a right to be. However, while the fact that he was an employee in no way reduced the duty of care which the defendant owed him, neither did it increase it."

In the case of *Pratt v. Louisiana & A. Ry. Co.*, 135 Fed. (2d), 692, the Circuit Court of Appeals, Fifth Circuit, held in an action similar to the one before us, "The defense of assumption of risk is not good; the only question is whether the carrier was negligent and, if so, whether that negligence was the proximate cause of Pratt's injury."

Also, the Supreme Court of Minn. said in the case of *Jacobson v. Chicago & N. W. Ry. Co.*, 221 Minn., 454, 22 N. W. (2d), 455: "In determining whether plaintiff was guilty of contributory negligence and whether, as defendant claims, his contributory negligence was the sole proximate cause of the accident, it is our plain duty to lay out of mind any question of whether he was guilty of assumption of risk, because that defense was entirely obliterated by the 1939 amendment of the act.

*Crawford v. D. M. & I. R. Ry. Co.,* 220 Minn., 225, 19 N. W. (2d), 384. The defense of assumption of risk is not to be let in under the label of contributory negligence. *Tiller v. Atlantic Coast Line R. Co.,* 318 U. S., 54, 63 S. Ct., 444, 88 L. Ed., 610, 143 A. L. R., 967."

In *Perrett v. Southern Pac. Co.,* 73 Cal. App. (2d), 30, 165 Pac. (2d), 751, the Court said: "There can be no doubt but that under the majority opinion (in the *Tiller case*) it is error of a most serious nature to interject into a case, since 1939, the doctrine of assumption of risk, however disguised. There can be no doubt that since 1939, an employee cannot recover unless he pleads and proves negligence on the part of the employer. . . . When the jury is told that defendant can be held liable only upon proof of negligence, the defendant has received all of the protection to which it is entitled. To further tell the jury that the plaintiff assumes the risks of injury incident to his employment when the work is being done in the usual and ordinary way and without negligence on the part of defendant and that unless there was an unusual jerk out of the ordinary the jury must find for the defendant, is to assume that a 'normal' jerk cannot be the result of negligence. That is not the law since 1939." *Chicago Great Western Ry. Co. v. Peeler,* 140 Fed. (2d), 865.

The authorities support the view that in actions brought under the provisions of the Federal Employers' Liability Act, where it is alleged the employee's injury or death resulted in whole or in part from the negligence of any of the officers, agents or employees of the defendant carrier, recovery depends solely on whether or not the defendant carrier was negligent and if so did such negligence contribute to the injury of the employee. In such cases assumption of risk as a defense, has been abrogated. *Roberts v. United Fisheries Vessels Co.,* 141 F. (2d), 288; *Stewart v. Baltimore & O. R. Co.,* 137 F. (2d), 527; *McGivern v. Northern Pac. Ry. Co.,* 132 F. (2d), 213; *Patznsky v. Lowden,* 317 Ill. App., 613, 47 N. E. (2d), 338; *Henry v. Norton,* 66 N. Y. S. (2d), 317; *Pauly v. McCarthy,* 109 Utah, 398, 166 Pac. (2d), 501; *Tankersley v. Sou. Ry. Co.,* 73 Ga. App., 88, 35 S. E. (2d), 522; *Beamer v. Virginian Ry. Co.,* 181 Va., 650, 26 S. E. (2d), 43; *Francis v. Terminal R. Assn. of St. Louis,* 354 Mo., 1232, 193 S. W. (2d), 909; *Kansas City Sou. Ry. Co. v. Hopson,* 208 Ark., 548, 186 S. W. (2d), 946; *Kansas City Sou. Ry. Co. v. Chandler* (Texas), 192 S. W. (2d), 304.

The judgment of the court below is

Affirmed.