HEEB v. NEW YORK CENTRAL RAILROAD COMPANY.

1. MASTER AND SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—NEG-
LIGENCE—PROXIMATE CAUSE—ASSUMPTION OF RISK.
In an action under the Federal employers' liability act as amend-
ed in 1939, the principal question in the matter of proximate
cause is whether the carrier was negligent and whether that
negligence was the proximate cause of the injury, the em-
ployee being relieved from the burden of assumption of risk
by whatever name such doctrine was called (45 USCA, § 54).

2. SAME—FEDERAL EMPLOYERS' LIABILITY ACT—PLEADING—NEGLI-
GENCE—ASSUMPTION OF RISK.
Where defendant's answer in action under the Federal employers'
liability act categorically denied all charges of negligence,
the "further answer" that plaintiff whose feet were frozen
had assumed such risk of the occupation may not be construed
as merely a denial of liability because of lack of negligence
on the part of the employer or his agents (45 USCA, § 54).

3. SAME—FEDERAL EMPLOYERS' LIABILITY ACT—ASSUMPTION OF RISK
—DANGERS COMMON TO MANKIND IN GENERAL.
An employee seeking to recover under the Federal employers'
liability act does not assume risks of injury arising from
danger common to mankind in general such as the weather
or an act of God (45 USCA, § 54).

4. SAME—FEDERAL EMPLOYERS' LIABILITY ACT—NEGLIGENCE.
Under the Federal employers' liability act there can be no re-
covery unless the injuries sustained by the employee result,
at least in part, from negligence of the employer but the em-
ployer is not an insurer (45 USCA, § 54).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 35 Am Jur, Master and Servant, § 408.
[1, 5] Construction and application of 1939 amendment of Federal
employers' liability act regarding assumption of risk. 143
ALR 978.
[4] 35 Am Jur, Master and Servant, §§ 400–402.

5. Same—Federal Employers' Liability Act—Assumption of Risk
    —Pleading.

    Since assumption of risk is not a defense under the Federal
    employers' liability act, it is improper to permit it to be plead-
    ed (45 USCA, § 54).

Appeal from Washtenaw; Breakey (James R.,
Jr.), J. Submitted June 16, 1949. (Docket No. 72,
Calendar No. 44,244.) Decided September 8, 1949.

Case by Theodore Heeb against the New York
Central Railroad Company for personal injuries
sustained while in its employ. On motion to strike
defense of asumption of risk. Motion granted. De-
fendant appeals. Affirmed and remanded.

*Conlin, Conlin & Parker,* for plaintiff.

*Burke, Burke & Smith,* for defendant.

Carr, J. Plaintiff brought suit in circuit court to
recover damages for a personal injury claimed to
have been sustained by him while in the employ of
the defendant railroad company. The first count of
the declaration was based on the provisions of the
Federal employers' liability act, 45 USCA, § 51
*et seq.,* plaintiff alleging that at the time of his in-
jury, on or about December 17, 1946, he was em-
ployed in interstate commerce. Plaintiff set forth in
his pleading that the weather was extremely cold,
that he was not dressed in clothing of sufficient
warmth under the circumstances, that defendant
through its agents and employees knew of such fact,
that it was the duty of the defendant to provide a
place for plaintiff to warm himself at intervals, that
he and other employees of defendant working with
him should have been permitted to maintain a fire
for the purpose of warming their feet, that plain-
tiff and said other employees were prevented from

so doing, that plaintiff should not have been required to expose himself to the danger of injury from the weather, and that defendant failed in its duty to warn him of the danger. It is claimed that as a result of such negligence plaintiff's feet were frozen. The allegations of negligence on the part of the defendant were repeated in a second count, which, however, averred that plaintiff at the time of his injury was working in intrastate commerce. In such count the right of recovery was obviously predicated on the law of Michigan, but no reference to any specific statute of the State was made therein.

Defendant filed answer to both counts of the declaration, denying the allegations of negligence therein set forth and asserting that, if plaintiff sustained injuries as alleged in his pleading, such injuries resulted from his own conduct without fault on the part of defendant, its agents or servants. Defendant also, by way of further answer to each count, pleaded assumption of risk in the following language:

"Making further answer to said declaration, plaintiff asserts and alleges the fact to be that before and at the time of the injury complained of, plaintiff had all knowledge of the dangers of the employment in which he was engaged; that the injury sustained by him, if any, was caused by a risk of said occupation which was obvious and which he well knew, and that plaintiff had assumed said risk."

Plaintiff moved to strike the defense as pleaded, claiming that it was not proper as to either count of the declaration. The trial court granted the motion insofar as it related to the defense to the first count, but declined to take like action with reference to the answer to the second count because of the failure of plaintiff to allege in such count statutory provisions of this State forbidding the interposition of

such defense to plaintiff's action. On leave granted, defendant has appealed from that portion of the order of the trial court striking the language above quoted from defendant's answer to the first count. Plaintiff has not sought to take a cross appeal from the balance of the order. The question before us is whether in a suit for damages against an employer for personal injuries resulting from negligence on the part of such employer, or his agents, servants and employees, based on the Federal employers' liability act, assumption of risk may be pleaded as a defense.

The trial judge based his conclusion on the language of the 1939 amendment to the Federal statute (August 11, 1939), chap 685, 53 Stat 1404 (45 USCA, § 54). Said section in its amended form reads as follows, the change therein being indicated by the language italicized:

"That in any action brought against any common carrier under or by virtue of any of the provisions of this chapter to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment in any case *where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier; and no employee shall be held to have assumed the risks of his employment in any case* where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee."

The amendment in question was discussed and construed by the supreme court of the United States in *Tiller* v. *Atlantic Coast Line Railroad Co.*, 318 US 54 (63 S Ct 444, 87 L ed 610, 143 ALR 967). The opinion of the court pointed out that the circuit court of appeals, in affirming a judgment for the defendant, had undertaken to distinguish between "assumption

of risk as a defense by employers against the consequence of their own negligence, and assumption of risk as negating any conclusion that negligence existed at all." In reversing the case, it was said:

"We find it unnecessary to consider whether there is any merit in such a conceptual distinction between aspects of assumption of risk which seem functionally so identical, and hence we need not pause over the cases cited by the court below, all decided before the 1939 amendment, which treat assumption of risk sometimes as a defense to negligence, sometimes as the equivalent of nonnegligence. We hold that every vestige of the doctrine of assumption of risk was obliterated from the law by the 1939 amendment, and that congress, by abolishing the defense of assumption of risk in that statute, did not mean to leave open the identical defense for the master by changing its name to 'nonnegligence.' As this court said in facing the hazy margin between negligence and assumption of risk as involved in the safety appliance act of 1893, 'Unless great care be taken, the servant's rights will be sacrificed by simply charging him with assumption of the risk under another name;' and no such result can be permited here."

After discussing prior decisions involving the assumption of risk doctrine, the court said futher:

"It was this maze of law which congress swept into discard with the adoption of the 1939 amendment to the employers' liability act, releasing the employee from the burden of assumption of risk by whatever name it was called. The result is an act which requires cases tried under the Federal act to be handled as though no doctrine of assumption of risk had ever existed. * * *

"The doctrine of assumption of risk cannot be 'abolished *in toto*' and still remain in partial existance as the court below suggests. The theory that a servant is completely barred from recovery for injury resulting from his master's negligence, which

legislatures have sought to eliminate in all its various forms of contributory negligence, the fellow-servant rule, and assumption of risk, must not, contrary to the will of congress, be allowed recrudescence under any other label in the common-law lexicon. The act of 1908 and the amendment of 1939 abolish the post-*Priestley* v. *Fowler*\* defenses and authorize comparison of negligence instead of barring the employee from all recovery because of contributory negligence. They leave for practical purposes only the question of whether the carrier was negligent and whether that negligence was the proximate cause of the injury."

In his concurring opinion, Mr. Justice Frankfurter referred to different meanings attached to the phrase "assumption of risk," pointing out that in certain situations it had been regarded as a defense enabling a negligent employer to defeat recovery, and that under other circumstances the expression had been used simply to convey the idea that the employer was not at fault and therefore not liable. He concluded that, under the specific provisions of the statute, assumption of risk is no defense if negligence is established, but that congress had left undisturbed the other meaning of the expression, namely "that an employee injured as a consequence of being exposed to a risk which the employer in the exercise of due care could not avoid is not entitled to recover, since the employer was not negligent."

Appellant argues that under the language of Mr. Justice Frankfurter it should be permitted to plead assumption of risk by way of defense to plaintiff's cause of action based on the Federal statute. This implies, when considered in the light of said opinion, that such a plea is in effect one of nonnegligence merely. However, it was not interposed as such in the instant case. It was stated specifically as a "further answer" to plaintiff's declaration, and its lan-

---

\* 3 M & W 1 (150 Eng Rep 1030).—REPORTER.

guage clearly implies an assertion of nonliability on the part of the employer because of plaintiff's knowledge of the risks incident to the weather conditions and the alleged assumption of the danger of injury therefrom, without reference to negligence on the part of defendant or its employees. Such a plea may not properly be construed as merely a denial of liability because of lack of negligence on the part of the employer or his agents. As before noted, the answer to the declaration categorically denied all charges of negligence on defendant's part.

Further amplifying its position with reference to the plea, appellant argues that notwithstanding the sweeping language of the United States supreme court in the *Tiller Case, supra,* an employee seeking to recover under the Federal statute here involved must be held to assume risks of injury arising from danger common to mankind in general, "such as the weather or an act of God." Clearly the statute does not in terms recognize the suggested classification, nor is there any basis therefor under the decision of the United States supreme court in the *Tiller Case.* Such a theory is inconsistent with the statement of Mr. Justice Black, in speaking for the majority of the court in that case, that "every vestige of the doctrine of assumption of risk was obliterated from the law by the 1939 amendment, and that congress, by abolishing the defense of assumption of risk in that statute, did not mean to leave open the identical defense for the master by changing its name to 'nonnegligence.'" It is apparent that appellant's argument, based on its interpretation of Mr. Justice Frankfurter's opinion, is inconsistent with the majority interpretation of the 1939 amendment, as set forth in the language quoted.

In *Roberts* v. *United Fisheries Vessels Co.,* 141 F2d 288, the circuit court of appeals of the first circuit affirmed a judgment in favor of the defendant

in an action brought under section 33 of the merchant marine act of 1920 (41 Stat 1007 [46 USCA, § 688]), commonly referred to as the Jones act. In that case plaintiff's intestates were seamen on a schooner owned and operated by defendant. The boat was lost in a storm and plaintiff's intestates could not be found after a search for them. The trial judge in submitting the matter to the jury charged in substance that an employee assumes risks obvious and well known in the type of occupation in question, but further stated that "he, of course, does not assume that anyone is going to be negligent or anyone is going to disregard the duties that are owed to him." The appellate court, in affirming the decision, pointed out that under the amendment to the Federal employers' liability act assumption of risk is not a defense, but that the change in the statute did not result in imposing liability on the employer in the absence of negligence. Apparently the charge of the trial court, to which appellant in the instant case directs attention, was considered by the court of appeals as relating to the controlling issue in the case, that is, whether defendant had observed the duties owing by it for the safety of plaintiff's intestates. It was specifically declared that:

"The presence or absence of negligence governs the verdict. If there is no negligence the plaintiff cannot recover. If the defendant is negligent he cannot avoid the effect of it by pleading assumption of risk. Such a defense is absolutely 'out of the window' since the statute and since the decision in Tiller v. Atlantic Coast Line Co., 318 US 54 (63 S Ct 444, 453, 87 L ed 610, 143 ALR 967). But, as pointed out by Mr. Justice Frankfurter in his concurring opinion in the Tiller Case, congress 'has left undisturbed the other meaning of "assumption of risk," namely, that an employee injured as a consequence of being exposed to a risk which the employer in the

exercise of due care could not avoid, is not entitled to recover, since the employer was not negligent.'"

Certiorari in this case was denied by the United States supreme court. *Roberts* v. *United Fisheries Vessels Co.,* 323 US 753 (65 S Ct 81, 89 L ed 603). Appellant implies that because of such denial the holding in the *Tiller Case* should be regarded as modified, at least to some extent. We do not think such claim well founded. As pointed out in the opinion in the *Roberts Case,* the controlling issue was whether the defendant was negligent. It having been determined that defendant had not failed in the observance of any duty owing by it for the safety of plaintiff's intestates, recovery was denied.

Appellant argues that under the holding of the trial court in the case at bar the Federal employers' liability act becomes in effect merely a compensation statute. As a legal proposition such claim disregards the fact that under the statute, as repeatedly construed by the supreme court of the United States, there can be no recovery unless the injuries sustained by the employee result, at least in part, from negligence on the part of the employer. The latter is not an insurer. *Ellis* v. *Union Pacific Railroad Co.,* 329 US 649, 653 (67 S Ct 598, 600, 91 L ed 572); *Wilkerson* v. *McCarthy,* 336 US 53 (69 S Ct 413, 93 L ed 497); *Fleming* v. *Kellett* (CCA), 167 F2d 265.

The precise question involved in the case at bar was before the supreme court of North Carolina in *Medlin* v. *Powell,* 229 NC 323 (49 SE2d 618). There the defendant, after denying allegations of plaintiff's declaration charging negligence, pleaded also assumption of risk in bar of recovery. Plaintiff's motion to strike the plea was granted. In affirming the action, the court referred to the *Tiller Case, supra,* and held that, if assumption of risk is not a defense under the statute, it would be improper to

permit it to be so pleaded. The court quoted with approval from *Gray* v. *Pennsylvania R. Co.,* 71 F Supp 683, 684, as follows:

" 'In order to recover, plaintiff must prove that his injuries resulted, at least in part, from the negligence of one or more of defendant's employees. If he makes such proof, the act provides that assumption of risk is no defense. If he fails to make such proof, he will be nonsuited and whether or not he assumed the risk of his employment is immaterial. Therefore, this defense is insufficient in law and must be stricken.' "

In *Jacobson* v. *Chicago & Northwestern Railway Company,* 221 Minn 454 (22 NW2d 455), it was said:

"In determining whether plaintiff was guilty of contributory negligence and whether, as defendant claims, his contributory negligence was the sole proximate cause of the accident, it is our plain duty to lay out of mind any question of whether he was guilty of assumption of risk, because that defense was entirely obliterated by the 1939 amendment of the act. *Crawford* v. *Railway Co.,* 220 Minn 225 (19 NW2d 384). The defense of assumption of risk is not to be let in under the label of contributory negligence. *Tiller* v. *Atlantic Coast Line R. Co.,* 318 US 54 (63 S Ct 444, 87 L ed 610, 143 ALR 967)."

See, also, *Lilly* v. *Grand Trunk Western Railroad Co.,* 317 US 481, 491 (63 S Ct 347, 87 L ed 411); *Pratt* v. *Louisiana & A. Railway Co.* (CCA), 135 F2d 692; *Eckenrode* v. *Pennsylvania R. Co.,* 71 F Supp 764 (aff'd, 164 F2d 996, and 335 US 329 [69 S Ct 91, 93 L ed 41]); *Larsen* v. *Chicago & N. W. R. Co.,* 171 F2d 841; *Perrett* v. *Southern Pac. Co.,* 73 Cal App2d 30 (165 P2d 751); *Tennessee Central R. Co.* v. *Shacklett,* 24 Tenn App 563 (147 SW2d 1054); *Howard* v. *Baltimore & Ohio Chicago Terminal Railroad Company,* 327 Ill App 83 (63 NE2d 774)

(certiorari denied, 328 US 867 [66 S Ct 1377, 90 L ed 1637]).

Under the 1939 amendment to the Federal employers' liability act defendant in the instant case is not entitled to rely on the defense of assumption of risk. Its answer specifically denies the various acts of negligence charged against it in plaintiff's declaration. The paragraph stricken by the order of the trial court may not properly be regarded as merely a plea of nonnegligence. To permit it to be injected into the case would result in confusion and uncertainty. The order from which this appeal has been taken does not deprive defendant of any right or privilege to which it is entitled. Under the holding of the United States supreme court in the *Tiller Case, supra,* actions under the Federal statute must be handled "as though no doctrine of assumption of risk had ever existed." It follows that in such a case a plea of the character here in question is not permissible.

The order of the trial court is affirmed, with costs to plaintiff, and the case is remanded to the circuit court for further proceedings.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.