Keane ALLEN, Plaintiff,

v.

UNION RAILROAD COMPANY, Defendant.

Civ. A. No. 12286.

United States District Court
W. D. Pennsylvania.

May 29, 1958.

---

5. 39 Stat. 889, as amended, 8 U.S.C. § 155 (1946), repealed by the Act of June 27, 1952, 66 Stat. 279.

6. 66 Stat. 214, 8 U.S.C.A. § 1254.

Thomas P. Shearer, Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Chauncey Pruger, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

Defendant moved for a directed verdict which was not granted, and, after verdict and judgment entered in favor of plaintiff, moved to have judgment entered in accordance with the motion for a directed verdict, and, in the alternative, for a new trial.

The ground stated for a directed verdict was that there had been no proof of a violation of the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. and the Interstate Commerce Commission Regulations concerning sill steps.

The Safety Appliance Act provides that it shall be unlawful for any common carrier to haul, or permit to be hauled or used on its line, any car not equipped with secure sill steps. The Interstate Commerce Commission Regulation, C.F. R. § 131.1(d)(3), with respect to sill steps provides:

"(ii) Outside edge of tread of step shall be not more than four inches inside of face of side of car, preferably flush with side of car."

The plaintiff, a brakeman employed by defendant, proved that the sill step which caused his injuries was bent up under a moving car so far that as he tried to get aboard in the dark, he could not or did not get his foot in it. There was no evidence as to how far it was bent.

The jury found the sill step did not afford plaintiff secure footing, and that this defect caused his injuries.

The Regulation says nothing about a *bent* sill step; hence, it is the opinion of the court that the case was properly submitted to the jury on the issues of whether the defective sill step afforded plaintiff secure footing, and, if not, whether the defect caused his injuries. Cf. Shields v. Atlantic Coast Line R. Co., 1956, 350 U.S. 318, 76 S.Ct. 386, 100 L.Ed. 364.

The motion to have judgment entered in favor of defendant will be denied.

In support of its motion for a new trial, defendant complains that it should have been permitted to prove the above quoted Regulation by an Interstate Commerce Commission Inspector,[1] and "that [a sill step] which is pushed in not more than four inches from the surface of the car, * * * is not a penalty defect which he would proscribe and is not a violation of the Safety Appliance Act" (Record, pp. 175–6). If this proof had been admitted, defendant expected to follow it with testimony of two witnesses that the sill step in question was "bent in four inches * * * for the purpose of showing that the bent in sill step was within permissible limits and it was not a violation of the Safety Appliance Act" (Record, p. 176). Plaintiff's objection to the offer of the Interstate Commerce Commission Inspector's testimony was sustained (Record, p. 180).

Defendant cites no case in support of its offer. It contends that "the defendant should have at least been entitled to introduce proof of the regulation for the consideration of the jury under the facts of the instant case" (defendant's brief, p. 2). But the court accepted the Regulation as law and read it verbatim to the jury in its charge to which there were no exceptions taken or additions requested.

1. The inspector was ill at home at the time of trial and a deposition was requested.

■ We were, at trial, and still are of the opinion that it was for the jury, under proper instructions on the law by the court, to decide whether or not there was a violation of the. Safety Appliance Act, and that an interpretation of the law by an Interstate Commerce Commission Inspector was not admissible in evidence.

■ Defendant contends the verdict was excessive because plaintiff "remained off work *one day*" (defendant's brief, p. 2). There was ample proof that as a result of his injuries, plaintiff suffered a diminution of earning power up to trial and would continue to suffer future diminution of earning power. In addition, there was evidence to support an award for continuing pain, inconvenience and medical expenses. Accepting the evidence on behalf of plaintiff in its most favorable aspect, as we must, the verdict was not excessive.

The motion for a new trial will be refused.

