Florence ZAPPIA, Administratrix of the Estate of Giovannia Zappia, Deceased, Plaintiff-Appellant,

v.

The BALTIMORE & OHIO RAILROAD COMPANY, a Corporation, Defendant-Appellee.

No. 14975.

United States Court of Appeals Sixth Circuit.

Jan. 18, 1963.

John Ruffalo, Youngstown, Ohio, for appellant, James A. Wright, Pittsburgh, Pa., on the brief.

Jay C. Brownlee, Youngstown, Ohio, for appellee.

Before CECIL, Chief Judge, MILLER, Circuit Judge, and BOYD, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

The Administratrix of the Estate of Giovannia Zappia, deceased, brought this action in the District Court under the Federal Employers' Liability Act, Sections 51 et seq., Title 45, United States Code, against the Baltimore & Ohio Railroad Company to recover for the decedent's death which occurred while he was at work as a car inspector in the defendant's Hazelton yards near Youngstown, Ohio. The jury, in returning a verdict for the defendant, answered a written interrogatory submitted to it by finding that the defendant was not "negligent in any respect proximately or directly causing or contributing, in whole or in part, to the death of Giovannia Zappia on July 8, 1959."

At about 3:00 A.M. on the day of the accident Zappia and his working partner, James Nagy, were inspecting freight cars in defendant's yard on a track running east and west, known as old eastbound, on which was a train of about 65 cars with an engine attached at the east end to furnish air to the braking mechanism of the cars. They were walking from east to west along the track, Nagy on the north side and Zappia on the south side, inspecting cars and air hoses as they walked. Immediately south of old eastbound track, and approximately parallel to it, was No. 1 track, on to which cars were being switched by a yard crew.

There was no eye witness to the accident. At the time of the accident, eight cars were "kicked in" from the west on to No. 1 track, colliding with other cars already on the track. Nagy, who had been in communication with Zappia a few minutes before, heard the impact and missed Zappia's light on the other side of old eastbound track. He climbed over a car to the other side of the track to look for him. He found Zappia with his head and half his body across the north rail of No. 1 track under a freight car, and the lower half of his body and his legs extending into the walkway between No. 1 and old eastbound track. His lantern was found about two car lengths west, between the rails, and still burning. Zappia was killed in the accident.

The defendant had a rule known as the Blue Flag rule, which provided: "A blue signal displayed on the track near one or both ends of an engine, car or train indicates that workmen are under or about it. When thus protected, it must not be coupled to or moved." This rule was not being complied with by the defendant on old eastbound track at the time of the accident. Victor Vasvari, a railroad inspector for the Public Utilities Commission of Ohio, testifying for the plaintiff, was asked twice whether under the rule a blue light was required to be displayed, to which questions the Court sustained objections. Plaintiff relies upon this as reversible error. We do not agree. The accident did not occur on old eastbound track, where the violation of the rule occurred. Notwithstanding the failure to comply with the rule on old eastbound track, neither the train of cars nor the engine on that track was moved. Nagy and Zappia had been informed by the yard master that cars were going to be switched in and out of the No. 1 track,

and the yard crew at the west end of the yard had also been informed that the car inspectors were going to be working on the old eastbound track. In any event, the Blue Flag rule was introduced in evidence and the witness Vasvari stated on cross examination that he did not know of any rule that allowed a violation of the Blue Flag rule when yard engines were used to pump air in a train. We find no prejudicial error in the ruling. Allen v. Union Railroad Company, 162 F. Supp. 635, 637, W. E. Penn.

Defendant's answer denied "that the death of Giovannia Zappia was the result of any negligence of this defendant." It did not plead contributory negligence on the part of Zappia, nor did it affirmatively allege that the accident was caused by the sole negligence of Zappia. However, the District Judge instructed the jury not only on the issue of defendant's alleged negligence, but also on the issues of contributory negligence and sole negligence on the part of Zappia. Appellant contends that it was reversible error to instruct on these issues which had not been pleaded by defendant, Rule 8(c), Rules of Civil Procedure; Carpenter v. Baltimore & O. R. Co., 109 F.2d 375, 379, C.A.6th, and that in any event, since there was no eye witness to the accident, the evidence was insufficient to sustain an instruction on contributory or sole negligence on the part of Zappia.

■■ Negligence may be proved by circumstantial evidence. Stanczak v. Pennsylvania R. Co., 174 F.2d 43, 46, C.A.7th; Schulz v. Pennsylvania R. Co., 350 U.S. 523, 526, 76 S.Ct. 608, 100 L. Ed. 668. Under the evidence before us in this record, which we believe it is unnecessary to here review, we have no difficulty in concluding that it was sufficient to take to the jury the issues of contributory or sole negligence on the part of Zappia, if these issues were properly in the case.

■ We think that defendant's denial of any negligence on its part under the circumstances of this case includes the issue of whether the accident was caused by the sole negligence of Zappia, and that it was not error to instruct the jury on that issue. Schreiber v. National Smelting Co., 157 Ohio St. 1, 4–7, 104 N.E.2d 4; Chesapeake & O. Ry. Co. v. Carmichael, 298 Ky. 769, 771–772, 184 S.W. 2d 91.

■ Although contributory negligence was not pleaded by the defendant, it necessarily became an issue in the proper determination of the case under defendant's evidence that the accident was the result of Zappia's own negligence. Section 53, Title 45, United States Code. No objection was made to the instruction on contributory negligence. Rule 15(b), Rules of Civil Procedure, provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings, and that failure to amend a pleading to conform to the evidence does not affect the result of the trial of these issues. It was not error to instruct the jury on the issue of contributory negligence. Hutchins v. Akron, Canton & Youngstown R. Co., 162 F.2d 189, 192, C.A.6th; Hasselbrink v. Speelman, 246 F.2d 34, 38, C.A.6th; Knudson v. Boren, 261 F. 2d 15, 19, C.A.10th. See: Kansas City Southern Ry. Co. v. Jones, 241 U.S. 181, 182, 36 S.Ct. 513, 60 L.Ed. 943.

■ We find no merit in appellant's additional contention that the Court, on its own initiative, should have charged the jury with respect to Rule 131 of the Interstate Commerce Commission with respect to the maintenance of lights on its yard engine. This rule was not referred to in the pleadings and appellant's brief does not disclose to us that it was introduced in evidence or called to the attention of the Court. Instructions must be based upon the evidence before the jury. Decker v. Korth, 219 F.2d 732, 738–739, C.A.10th.

The judgment is affirmed.