## LINER et al. v. UNITED STATES TORPEDO CO.   (No. 945—5059.)

Commission of Appeals of Texas, Section B.
May 1, 1929.

For former opinion see 12 S.W.(2d) 552.

Hawkins, Hawkins & David, of Breckenridge, G. O. Bateman, of Dallas, and D. T. Bowles, of Breckenridge, for plaintiffs in error.

Benson & Dean, of Breckenridge, G. C. Spillers, of Tulsa, Okl., and Phillips, Townsend & Phillips, of Dallas, for defendant in error.

SPEER, J. We are of the opinion we erred in our former decision in reversing the judgment of the Court of Civil Appeals, wherein it remanded the cause to the trial court. We held that the statement of the employé Blair as detailed by the witness Mims some time after the explosion occurred was not a part of the res gestæ, but that it was nevertheless admissible because he was the company's representative having in charge the work of shooting the well. This was error. The admissions of a representative of another, under the circumstances such as these, are admissible only when they constitute a part of the transaction to which they refer. In other words, when they are a part of the res gestæ. San Antonio & Aransas Pass Ry. Co. v. Robinson, 73 Tex. 277, 11 S. W. 327; Gulf, Colo-

**520**

rado & Santa Fé Ry., Co. v. York, 74 Tex. 364, 12 S. W. 68; Waggoner v. Snody, 98 Tex. 512, 85 S. W. 1134; Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197.

It is urged in the motion for rehearing that it was error for the trial court to fail to submit the issue of contributory negligence through the act of plaintiff in taking hold of the line while the squib was being lowered, even though such contributory negligence was not pleaded, the contention being that such issue was brought into the case by the plaintiffs' own testimony, and should therefore have been submitted whether pleaded or not. As we held in the original opinion, there was no proper request for the submission of this issue, and there is no assignment of error that the trial court erred in failing to submit such issue. We are not prepared to hold that an incorrectly drawn issue, when requested, is sufficient to require the trial court to prepare and submit a correct issue in the absence of an assignment complaining of such failure on the part of the trial court after a request for such submission or after the trial court's attention had been called to the omission in some proper way. But we need not decide this matter or even to discuss it further, since the cause must be remanded for the error in admitting the testimony above referred to and upon another trial the request for issues may be more specific.

We recommend that the rehearing be granted and that judgment be now entered affirming the judgment of the Court of Civil Appeals in reversing and remanding the cause for the reason herein stated.

CURETON, C. J. Previous judgment set aside, on rehearing, and judgment of the Court of Civil Appeals affirmed.