## Race v. Chappell et al.

## Martin v. Same.

May 20, 1947.

Ward Yager, Judge.

F. A. Harrison for appellant.

L. M. Ackman for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

Clarence Martin and John R. Race filed separate suits against the appellees, seeking to recover $3,000 each on account of damages sustained by reason of an automobile accident which occurred in Grant County on November 28, 1944. The cases were tried together and the jury returned a verdict for appellees. Both Martin and Race appeal, claiming that the trial court erred: 1. In admitting parol evidence to explain or contradict a receipt filed as an exhibit with an amended answer. 2. In permitting parol evidence concerning the circumstances under which judgments were entered in the Grant Quarterly Court against appellees, showing that both had pleaded guilty to a charge of speeding.

Appellee Chappell owns and operates a used car business in Atlanta, Georgia, and resides in that city. Appellee Rebb is employed by Chappell and also resides in Atlanta.

On the day of the accident the appellees had been to one of the Northern states where Chappell purchased three used automobiles which he and Rebb were transporting to Atlanta. Chappell was driving a Chevrolet and was followed by Rebb who was driving a Buick and towing a Packard coupe.

Appellants Martin and Race were employed by the Department of Highways of Kentucky, and at the time of their accident were returning home in an automobile owned and operated by Martin. According to the testimony of Martin, a car towing another car passed him and cut back into the South bound lane of the highway so quickly that the rear end of the last car struck the front end of the car he was driving, causing it to careen

into a guard rail on the right side of the highway which caused him to lose control so that he ran over an embankment on the left of the highway. Martin fails to identify either of the cars which passed him and which he says caused the accident. Race says that he did not see either of the cars and did not know what happened except that they had a wreck. Both men were seriously injured.

The chief witness for appellants was Paul Houston who lives at Sadieville in Grant County. On the day of the accident he had been to Cincinnati with a Mr. and Mrs. Whitson who did not testify. Mr. Houston says that as they were returning home somewhere South of Williamstown, a car towing another car passed the vehicle in which he was riding. He says that his machine was proceeding at about 35 or 40 miles per hour, and that the driver of his car followed the two cars which passed him for two or three miles when the two cars passed another one on a curve. In passing, the car being towed tipped the front wheel of the car it was passing causing that car to be thrown against the guard rails on the right side of the road and then careen off the road to its left. Houston says that he and the Whitsons attempted to overtake the two cars which they thought caused the accident, but failing to do so stopped at a filling station and called the highway patrol. He identifies the car being towed as a heavy coupe, painted dark blue or black.

According to appellees none of their cars was involved in an accident, although they readily admit being on the highway at or about the time the appellants were injured. Chappell says that somewhere South of Williamstown he was passed by a car towing another car, but that he had no connection with these two cars.

Rebb was stopped by the highway patrol at Georgetown, and says that the patrolmen examined the two auomobiles he was transporting and found no dents or scratches on either that would indicate they, or either of them, had been in an accident. He said the patrolmen so stated. However, he voluntarily accompanied the officers to Williamstown where he was arrested and held for trial on the following day.

Chappell, who was in front of Rebb, proceeded on

to Lexington where he and Rebb were to eat dinner. There he was informed that Rebb had been taken back to Williamstown by the officers and he immediately went there. For some reason he was arrested when he arrived there and likewise held for trial on the following day. The next day a judgment was entered in the Quarterly Court as follows: "Commonwealth of Kentucky versus Judgment November 29, 1944. Speeding against Morris B. Chappell. Came the defendant herein and having been notified as to the nature of the charge entered a plea of guilty and was fined $10.00 and costs, which was satisfied in full." Signed, "Charles A. Pettit, Judge."

The case against Rebb was passed until the second day of February, and he was required to, and did, execute a $250 cash bond. On February 2nd he returned to Williamstown to stand trial, and on that day this judgment was entered: "Commonwealth of Kentucky versus Lewis Rebb, February 2nd, 1945. The defendant herein charged with reckless driving and after having been notified as to the nature of his charge entered a plea of guilty and was fined $10.00 and costs, which was satisfied in full."

According to both appellees they at all times protested their innocence and say that the officials made a thorough examination of their automobiles but failed to find any marks which would have resulted from a collision.

When Rebb returned to Williamstown on February 2nd he says that the County Judge told him that a strong case had been made against him, and advised him to settle with Martin and Race for $200, and if he would do this he would dismiss a charge of failure to stop and render aid, and enter a small fine on the charge of speeding. He says that he was excited, away from home, among strangers, and while he was entirely innocent he thought the best thing to do was to make the settlement suggested by the County Judge, which he did, paying that amount from the cash bond which had been put up by Chappell. He paid the two appellants $200 in cash and received a receipt which is the subject of some controversy. He insists that the $200 was paid in full settlement of all claims and that he understood that it was

a final settlement. The appellants insist that it was only a partial payment on account of the damages sustained and was not a settlement in full. They say that this theory is supported by the wording of the receipt which they claim states that the payment was on account. While the receipt is almost illegible, it does appear that it contains the words "on account," and appellants claim that testimony to the effect that the payment was made as a final settlement is inadmissible and prejudicial because the receipt itself shows it was only a partial payment. We do not agree. The circumstances surrounding the payment of this sum are detailed by appellee Rebb, and it is clear that the situation was such that Rebb probably paid little, if any, attention to the wording of the receipt which he says he could not read.

The issue of whether or not this $200 was paid in full satisfaction of the claims against Rebb and Chappell was submitted to the jury and the jury apparently found that it was a final settlement. There is no merit in this contention of appellants.

The other ground relied on for reversal is that the testimony of appellees regarding the reasons for their pleas of guilty to the charge of speeding is inadmissible. Again we cannot agree.

Ordinarily a judgment in a criminal transaction cannot be received in a civil action to establish the truth of the facts on which it was rendered, but where the defendant in the criminal case pleaded guilty, and the record showing such plea is offered in evidence in a civil action against him, growing out of the same offense, the judgment is admitted, not as a judgment establishing a fact, but as a declaration or admission against interest that the fact is so. However, the defendant may testify as to the circumstances under which the plea was made and explain the reasons for such plea. See Watson v. Kentucky & Indiana Bridge & R. Company, 137 Ky. 619, 126 S. W. 146, 129 S. W. 341.

Clearly under the rule in that case the judgments could be introduced in evidence, but when they were appellees could give their reasons for entering their pleas of guilty. Manifestly no error was committed by allowing such testimony to be introduced.

Actually the main issue in this case is whether or not the appellants produced any testimony showing that the automobiles being operated by Rebb caused the accident to the Martin car. Both Martin and Race completely failed to identify the car which they said struck them. The only other witness which they introduced (Houston) says the car which struck the Martin car was painted dark blue or black. The evidence of the highway patrolmen and all other witnesses who testified, shows that the Packard coupe was painted red or dark maroon.

We feel that the jury returned the proper verdict, and finding no prejudicial error in the record it follows that the judgment must be and it is affirmed.