Mrs. Oscar LEVELLE, substituted for William Harl Phillips, Appellant,

v.

Gale G. POWERS, Appellee.

No. 5600.

United States Court of Appeals
Tenth Circuit.

Oct. 11, 1957.

Waldo T. Oden, Altus, Okl. (Oden & Oden, Altus, Okl., on the brief), for appellant.

Robert B. Harbison, Altus, Okl. (Harbison & Whiteside, Altus, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellee, plaintiff below, recovered judgment against William Harl Phillips, defendant below, in the sum of $5,000 for personal injuries and damages to his automobile. Trial was had to the court without a jury. As grounds for reversal it is asserted that there is no competent or substantial evidence to support the judgment and that the evidence affirmatively shows that plaintiff Powers was contributorily negligent.

After judgment was entered in the trial court defendant Phillips died and left as his sole heir Mrs. Oscar Levelle. Without objection, Mrs. Levelle has been substituted as appellant.

The accident occurred about 11:50 a. m. on January 31, 1956, at a point on Oklahoma State Highway 90 where it is crossed by a section line road about 5 miles south of Gould, Oklahoma. At this point the two-lane, paved highway is approximately 22 feet wide with 4 feet of paved shoulder on each side. Plaintiff Powers was driving north with Joe Duesman as a passenger. Defendant Phillips, who was driving south, made a left turn to enter the section line road. Prior to making this turn he saw the Powers car approaching from the south. Phillips testified that he had indicated his intention to make the turn with his auto signal light. Plaintiff Powers and his passenger Duesman testified that Phillips gave no signal of his intention before making the turn. The right front fender of the Powers car hit the right rear fender of the Phillips car. The point of impact was 2 or 3 feet east of the center line of Highway 90 and in the north lane of the intersecting east-west section line road. After the impact the Powers car veered across the center line of Highway 90 to the west side thereof, and its left front hit the left front and side of a car being driven south by the witness Waldo.

After the original impact the Phillips car traveled 10 feet in a southeasterly direction and came to a stop with its right rear wheels at the east edge of the pavement. The Powers car stopped near the east edge of the highway about 165 feet north of the point of original impact. The Waldo car was driven backwards some 70 feet from the point of impact and came to rest 30 feet west of the highway in a borrow pit. The Powers car left 50 feet of skid marks before the first impact and 165 feet of skid marks from there to the place where it stopped.

Powers estimated his speed at 55 to 60 miles per hour. His passenger, Duesman, placed the speed at 50 to 60 miles per hour. An expert safety engineer, called by the defendant, in answer to a hypothetical question placed the speed of the Powers car at 70 to 75 miles an hour.

When interrogated by a state patrolman shortly after the accident, Phillips said that he "thought that he had plenty of time to make the left turn." On March 1, 1956, Phillips, in the County Court of Harmon County, Oklahoma, entered a plea of guilty to the charge of making a left turn in front of oncoming traffic.

The trial court found that Phillips made a left hand turn in the face of oncoming traffic "contrary to law and the dictates of prudence and safety"; that prior to making the left turn Phillips failed to indicate his intention to do so; that the speed of plaintiff's car as it approached the intersection was not in excess of the lawful speed; that the plaintiff was not primarily or contributorily negligent; and that the sole and proximate cause of the accident was the negligence of defendant Phillips in making the left turn in the face of oncoming traffic without signaling and under circumstances that would not reasonably be expected.

■ These findings of the trial court will not be disturbed on appeal unless they are clearly erroneous. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746; United States v. Oregon State Medical Society, 343 U.S. 326, 332, 339, 72 S.Ct. 690, 96 L.Ed. 978; H. F. Wilcox Oil & Gas Co. v. Diffie, 10 Cir., 186 F.2d 683, 696. In United States v. Neel, 10 Cir., 235 F.2d 395, 399, this court said:

"A finding is clearly erroneous, even though there is evidence to support it, if the reviewing court on a consideration of the entire evidence is left with the definite and firm conviction that a mistake has been committed."

■ Defense counsel urge that there is no substantial evidence to sustain the findings of the court and to the contrary the oral evidence and the undisputed physical facts establish that plaintiff Powers was driving recklessly at an excessive rate of speed.

Duesman, the passenger in the plaintiff's car, stated to the plaintiff prior to the collision "what are you going to do now?" and plaintiff replied "I'll try to squeeze through." It is argued that Duesman's statement began when the cars were about 300 feet apart and that it gave plaintiff sufficient time to stop within the assured clear distance. The difficulty is that there is no evidence that Duesman made the statement when the cars were 300 feet apart. Duesman said that he noticed the Phillips car when the plaintiff's car was some 300 feet south of the intersection and that he made the statement when he saw the Phillips car turning left. The then distance between the cars is not fixed by the evidence.

The contention that the physical facts show an excessive speed is based on the skid marks made by the Powers car. There were 50 feet of skid marks before the impact and 165 feet thereafter. Expert testimony as to excessive speed is based on these skid marks. The defense position necessarily assumes that Powers continued to apply the brakes after the impact and to skid the tires on the pavement. The testimony is to the contrary. Powers said that after the impact he did not keep his brakes on and that "he was all over the steering wheel bouncing around." Highway patrolman Heidebrecht testified that beyond the point of first impact the skid marks were not solid but were more of "a skidding skid mark." The assumptions on which the expert testimony was predicated were not well taken.

■ The state patrol officer who talked to Phillips shortly after the accident did not testify as to any statement by Phillips that the Powers car was being driven at an excessive rate of speed. Phillips entered a plea of guilty to a charge of making a left turn in front of oncoming traffic. This admission against interest was competent evidence. Interstate Securities Co. v. United States, 10 Cir., 151 F.2d 224, 226; 31 C.J.S. Evidence § 300, p. 1070.

The record does not leave us with any "definite and firm conviction that a mistake has been committed." The judgment is affirmed.