**F. L. JOHNSON, Appellant,**

v.

**EMPIRE MACHINERY COMPANY,**
Appellee.

**No. 17052.**

United States Court of Appeals
Fifth Circuit.

June 17, 1958.

Rehearing Denied July 16, 1958.

John J. Watts, W. R. Barnes, Odessa, Tex., for appellant.

W. O. Shafer, McDonald & Shafer, Odessa, Tex., for appellee.

Before RIVES, CAMERON and BROWN, Circuit Judges.

RIVES, Circuit Judge.

Appellant sued under the community property laws of Texas for damages resulting from personal injuries to his wife in a motor vehicle collision. At about

11:30 a.m. on January 7, 1956, appellant was driving his 1953 Cadillac south on North Grant Street in Odessa, Texas, between 17th Street and 16th Street. North Grant was a four lane street, two lanes for southbound traffic and two lanes for northbound traffic. Appellant's car was in the left-hand lane for southbound traffic, next to the center line. About the middle of the block, the car immediately ahead of appellant's car came to a full stop preliminary to making a left turn to Sears Food Market on the east side of Grant Street. Appellant stopped his car. Due to oncoming northbound traffic, the car ahead could not immediately make its left turn, nor, of course, could the appellant pass that car to its left. Appellant could not turn to the right due to southbound traffic passing on his right. Stopping was the only thing that he could do. Appellee's pickup truck operated by its employee, Jimmy Ray Cooper, ran into the rear of appellant's car, resulting in personal injuries to Mrs. Johnson. There was a verdict and judgment for the defendant-appellee.

Appellant's first insistence is that the district court erred in denying his motion for a new trial based on the ground that the verdict was against the great preponderance of the evidence. There was evidence that the car ahead of appellant's car was making an improper left-hand turn in the middle of the block. Jimmy Ray Cooper, appellee's driver, testified that his attention had been diverted by some boys making collections from automobile occupants for the "March of Dimes." "Well, I was watching those boys, and then after I looked up to make sure I wasn't going to strike somebody on the right of me, and then I glanced up, and it was too late." There was evidence, we think, from which the jury might properly have found that reasonable prudence did not require Cooper to anticipate the sudden and unexpected emergency in which he was placed, and that after the emergency arose he was not negligent. We cannot say that the district court abused its dis-

cretion in denying the motion for new trial.

At the close of his oral charge to the jury, the district judge stated: "Let the record show, Mr. Reporter, that all requested charges by both parties which have been denied, automatic exception is taken to same." Special Charge 4, requested by plaintiff-appellant and refused by the court, reads as follows:

"You are further instructed that if you find and believe from a preponderance of the evidence that the defendant's driver, Jimmy Ray Cooper, was on the occasion in question, following too closely to the vehicle in which plaintiff and his wife were riding, and if you further find and believe from a preponderance of the evidence that the act of the defendant's driver in following too closely, if he did, to the vehicle in question, constitutes negligence, and if you further find and believe from a preponderance of the evidence that such negligence was a proximate cause of the plaintiff's damages and the injuries to his wife, Estelle Johnson, then you will find for the plaintiff and assess his damages at such sum as you may find him entitled to receive under the measure of damages to be hereinafter submitted to you by the Court."

The complaint charged negligence on the part of appellee's driver in the following particulars:

"(a) In that said driver was guilty of negligence per se in operating defendant's pickup truck too closely behind plaintiff's vehicle;

"(b) In that defendant's driver was operating defendant's pickup truck at a speed which was excessive for the conditions then and there existing;

"(c) In that defendant's driver failed to keep a proper lookout;

"(d) In that defendant's driver failed to timely apply his brakes to avoid colliding with the rear of plaintiff's automobile;

"(e) In that defendant's driver failed to turn his pickup truck to the left in order to avoid colliding with plaintiff's automobile;

"(f) In that defendant's driver failed to turn the pickup truck to the right in order to avoid colliding with plaintiff's automobile * * *."

The district judge in substance instructed the jury to find for the plaintiff if it found that the defendant's driver was guilty of negligence in any one of particulars (b), (c) or (d), above; (e) and (f) were not insisted on; the judge, in refusing plaintiff's special charge 4, declined to submit (a).

Appellee argues with much force that, upon the present state of the record, such refusal was not error. The appellant testified that his automobile had been stopped for more than "about two or three seconds" before the collision. No evidence directly to the contrary was admitted. Appellee's driver, in his testimony *before the jury*, was not asked on cross-examination or otherwise anything about following appellant's automobile too closely. In such a state of the record, appellee insists that the specific issue was abstract, and that the district court did not err in refusing plaintiff's special charge 4.

In his testimony before the jury, Cooper estimated the speed of defendant's pickup truck at thirty miles an hour. He testified to no slowdown until immediately before the accident when he applied the brakes and left skid marks of some fifteen to twenty feet. The Texas statute, Section 61(a), Article 6701d, Vernon's Ann.Civ.St. provides:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon the conditions of the highway."

The weight and credibility of appellant's estimate of the time that his automobile had been stopped, of Cooper's estimate of his speed, and of all of the other evidence in the case were matters for the jury's consideration. The issue of driving too closely could not properly be withdrawn from the jury, and the court erred in refusing plaintiff's special charge 4, and in failing and refusing to instruct the jury on that issue.

Before any evidence had been offered in the case, the defendant called to the court's attention that a police officer of the City of Odessa had issued a traffic ticket purporting to cite its driver, Jimmy Ray Cooper, for "following too closely," and that two or three days after the date of the accident Cooper paid a fine to the Corporation Court of the City of Odessa, Texas, in connection with said traffic ticket. Defendant moved:

"* * * that counsel for the plaintiff, and through such counsel the plaintiff, his wife and all other witnesses of the plaintiff, be instructed that no mention is to be made during the trial of this cause in the presence and hearing of the jury of the issuance of the traffic ticket to Jimmy Ray Cooper or any subsequent act or action on his part in connection therewith, and particularly the payment of the fine on account thereof."

The court made the following endorsement on said motion:

"The Foregoing Motion, having been presented to the Court prior to the time that any evidence had been offered in this cause and the same having been in all things duly considered by the Court, such Motion is in all things (overruled) (sustained).

"(S.) R. E. Thomason, "Judge Presiding."

After Jimmy Ray Cooper had testified upon the trial as a witness for the defendant, the court permitted the jury to retire from the courtroom and the following occurred:

"Mr. Barnes (Attorney for Plaintiff):

"I have one thing that I want to put in the record.

"The Court:

"All right, you can do it now.

"Mr. Barnes:

"We offer the additional portion of the deposition of Jimmy Cooper which we have been instructed by the Court, in writing, or orally instructed by the Court not to put before the jury.

"The Court:

"Well, that ruling was made pursuant to a written motion made by the Defendant to exclude the testimony.

"Mr. Barnes:

"Beginning on Page ten:

"(Reading from deposition of Jimmy Cooper):

"'Q. I see, did you get a ticket? A. Yes, sir.

"'Q. What did you get a ticket for? A. For following too close.

"'Q. Did you pay a fine on that? A. Yes, sir.

"'Q. Did you go down to the City Court and plead guilty? A. No, sir, I didn't take it to the Judge.

"'Q. What did you do with it? A. I paid it to the cashier.

"'Q. Did you just walk in there and say, "I have got a ticket," and paid them? A. Yes, sir.

"'Q. How much did you pay? A. Five dollars.

"'Q. The ticket had written on it what the charge was? A. No, sir, it hadn't been turned in, to the cashier, and therefore he said he did not know what it would be, and so that is all he charged me.

"'Q. Do you feel like you were guilty? A. No, sir.

"'Q. Why don't you think you were guilty? A. I wasn't following the car.

"'Q. What do you mean by that, will you explain that? A. He was quite aways ahead of me, for me to be following too close.'

"Mr. Barnes:

"And then the additional portion on Page 14 of this deposition of Jimmy Cooper:

"'Q. Now when you went down to pay that fine, you realized, of course, by paying the fine that you were entering a plea of guilty, is that right? A. Yes, sir, I guess I did.

"'Q. Well, you didn't go down and say, "I am not guilty, but I will pay it," did you? A. No, sir.

"'Q. You went down there, and you had a ticket, and you went down there to pay it, didn't you? A. I went down to pay it, because it was mine, and I didn't want it on my record.

"'Q. That you had paid a fine? A. Yes, sir.

"'Q. You didn't try to see the Judge, or tell anybody you were not guilty? A. No, sir.'

"Mr. Barnes:

"That is all.

"The Court:

"The Court granted the written motion of the Defendant to exclude that testimony to which the Plaintiff excepts."

Cooper was not a party defendant. His employment was as a parts and delivery man. His authority to bind the defendant was limited to the scope of his employment. His action, several days after the accident, in paying a fine "for following too closely" could not be introduced as an admission against his principal. See Liner v. United States Torpedo Co., Tex.Com.App., 16 S.W.2d 519; Annotation 18 A.L.R.2d 1312.

The evidence was, however, clearly admissible for the purpose of impeaching Cooper after he had testified as a witness for the defendant. Broadly speaking, his testimony tended to prove that he was free from any fault or negligence. The plaintiff then had a right to cross-examine him as to his payment of the

fine without insisting on a trial. The jury might have believed his explanation or, instead, it might have inferred that he paid the fine because he was not free from fault in causing the collision. Compare Sherwood v. Murray, Tex.Civ. App.1950, 233 S.W.2d 879, 882; Bush on Criminal Convictions as Evidence in Civil Proceedings, 29 Miss. Law Journal (May 1958), 277, 283.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.