J. B. DUNHAM and Minnie Pearl Dunham, Individually, and J. B. Dunham, as Next friend and natural guardian of Connie Dunham, a minor, Appellants,

v.

B. H. PANNELL et al., Appellees.

No. 17278.

United States Court of Appeals Fifth Circuit.

Feb. 20, 1959.

---

Jack G. Banner, Kouri & Banner, Wichita Falls, Tex., for appellants.

Clyde Fillmore, Wichita Falls, Tex., for appellees.

Before HUTCHESON, Chief Judge, and RIVES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

The principal question this appeal raises concerns the evidentiary effect of paying a traffic ticket and entering an informal plea of guilty in traffic court proceedings. Is proof of such disposition of a traffic summons admissible, for impeachment purposes, in a damage suit based on the same acts recited in the traffic charge, as an admission against interest of a witness for the defendant?

## I.

One day in September, 1957, Minnie Dunham, her husband, and daughter, were in the family car in downtown Wichita Falls, Texas. There was a drizzling rain. Minnie Dunham was driving. According to the plaintiffs-appellants, she stopped for a traffic light at an intersection. As the light was turning amber, a large van-type truck (truck and refrigerator trailer) was approaching the intersection. When the driver of the truck, Junior Gossett, saw the light changing, he speeded up his truck and made a wide right turn. He was traveling too fast to make the corner. He jammed on the brakes, but too late. Truck and trailer jackknifed, slid, skidded across the entire width of the street, and rammed violently into the Dunham automobile.

Gossett drives for B. H. Pannell, the defendant. According to Gossett, he was turning right, in the proper lane, on the green light, when the Dunham car, on the wrong side of the street, pulled in front of him, well over the center line of the street, and started to make a left turn from the wrong lane. Confronted with an emergency that was no fault of his, he claims that he did the best he could to avoid a collision.

Wichita Falls police officers showed up promptly at the scene of the accident. They issued a traffic ticket to Gossett for making a "wide right turn and driving too fast under conditions". Four days

later Gossett appeared at the Corporation Court and told one of the deputy clerks that he wished to pay the ticket. He paid a fine of twenty dollars and signed the corporation court docket sheet carrying a statement of the charge: "made wide turn—driving too fast". The docket sheet contained the following printed notation to which he attached his signature: "I understand the nature of the charge against me and wish to plead guilty, therefore I direct the Clerk to enter my plea of guilty before the Corporation Court Judge." The Corporation Court was not in session at the time and neither Gossett nor his attorney appeared before any judge to enter a plea of guilty in the formal sense of the term "plea". The parties stipulated that no "complaint", that is, no "formal charge in writing sworn to by the complaining officer", was made against Gossett.

The Dunhams filed suit against B. H. Pannell. Gossett was named as co-defendant, but he was not referred to in the prayer for relief and is not a party to the cause of action.

In cross-examining Gossett, plaintiffs' attorney asked if he had pleaded guilty to the charge of driving the truck at too great a speed. Defendant's attorney objected, stating that he intended "to ask the Court to instruct the jury *not to consider it for any purpose whatsoever*". The judge barred questions on the subject but at that time deferred his ruling. The trial judge then heard, out of the presence of the jury, argument and evidence on defendant's written motion requesting the Court "to instruct counsel representing the plaintiff to refrain from attempting to introduce any evidence *with reference to a purported plea of guilty*". The trial judge held that the motion was "well taken" and "directed [plaintiffs' attorney] not to pursue further on cross-examination *any inquiry* about the subject of a purported plea of guilty by the witness".[1]

1. The trial judge dictated the following entry in the record: "Let the record show that after the Court adjourned yesterday afternoon following a question by plaintiffs' counsel to the witness Gossett asking whether the witness had entered a plea of guilty to the charge of driving the truck at too great a speed

The case turns on the credibility respectively of Gossett and Dunham. Did Gossett make too wide a right turn? Did he drive too fast in a drizzling rain? Was the Dunham car across the center line of the street? The jury returned a general verdict for the defendant and, answering special issues, held that the truck driver, Gossett, was "acting under an emergency immediately before the accident", exercised reasonable care consistent with the emergency, and "the emergency was the sole proximate cause of the collision". The Dunhams appealed. We reverse and remand for a new trial.

## II.

■■ Proof of a criminal conviction after a trial and a plea of not guilty is usually inadmissible against the defendant in subsequent civil proceedings *as evidence of the facts on which the judgment of conviction is based.*[2] But evidence of a legal plea of guilty to a criminal charge is generally admissible in civil litigation as an admission against interest.[3] This principle is applicable to litigation arising out of automobile accidents.[4] There is a natural reluctance, however, to admit evidence of a plea of guilty to a traffic charge,[5] and when such

at the time and place in question, then when the trial of the case resumed this morning plaintiffs' counsel and defendant's counsel were called to the bench and plaintiffs' counsel was directed not to pursue further on cross-examination any inquiry about the subject of a purported plea of guilty by the witness. Let the record also show that yesterday morning at the very outset of the trial, the respective counsel were called to the bench in connection with the motion which had been filed by the defendant requesting the Court to instruct plaintiffs' counsel to refrain from attempting to introduce any evidence with reference to a purported plea of guilty on the part of the witness Gossett in the Corporation Court of Wichita Falls, Texas, and counsel were then informed that in the judgment of the Court, the motion was well taken and that in event the matter was reached during the hearing of the case, that the matter would be heard by the Court in regard to the circumstances and out of the presence of the jury."

2. "When * * * in a suit for personal injuries the plaintiff offers the defendant's conviction for reckless driving on the same occasion, the majority of courts have excluded the evidence. They have banned such evidence as mere opinion and have invoked the argument of reciprocity, namely, that the person prosecuted could not if he had been acquitted, have used the judgment of acquittal in the civil case." McCormick, Evidence (1954), p. 618; 18 A.L.R.2d 1287, 1290; Hinton, Judgment of Conviction: Effect on a Civil Case, 27 Ill.L.Rev. 195. In a recent review of the cases, however, the author finds that, even where the purpose is to "establish the truth of the facts necessarily involved" in the crim-

inal charge, "the current tendency [is] toward admitting evidence of conviction." Griffis, Evidence of Disposition of Related Criminal Case in Subsequent Damage Suit, 25 Ins.Couns.J. 480 (1958). cf. Rule 521 of the ALI Model Code of Evidence and Rule 62(20) of the Uniform Rules of Evidence.

3. "But a plea of guilty to a criminal charge of conduct material in the present case comes in against the party as an admission." McCormick, Evidence (1954) p. 618. See: Interstate Securities v. United States, 10 Cir., 1945, 151 F.2d 224; United States v. Wainer, 7 Cir., 1954, 211 F.2d 669; Levelle v. Powers, 10 Cir., 1957, 248 F.2d 774 (an automobile case). See Griffis, Evidence of Disposition of Related Criminal Case in Subsequent Damage Suit, 25 Ins. Couns.J. 480 (1958).

4. "Evidence of a plea of guilty to a criminal charge arising out of an automobile accident is generally admissible in civil litigation concerning the same accident." Blashfield, Cyclopedia of Automobile Law, Sec. 6196. See 17 Tex.Jur. 575 and Fisher v. Leach, Tex.Civ.App., 1949, 221 S.W.2d 384, err. ref. NRE. The cases are collected in 1951, 18 A.L.R.2d 1287, at pages 1307–1310.

5. "Actions involving negligent operation of automobiles are another field in which frequent attempts are made to introduce evidence of prior criminal convictions for the same acts. Because of the often perfunctory nature of the 'criminal' proceedings in such cases, and because of the fact that such convictions are frequently uncontested, it appears that the Court should be especially reluctant to admit such evidence in these proceedings." 18 A.L.R. 1275, 1287. "[T]he admissibility of pleas of

evidence is admitted it is not conclusive; the alleged traffic violator may explain his plea of guilty.[6]

A problem arises when the traffic court conviction is based on a defective plea of guilty. Article 518 of the Code of Criminal Procedure of Texas, Vernon's Ann., provides:

"A plea of guilty in a misdemeanor case may be made either by the defendant or his counsel in open court. In such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court, either upon or without evidence, at the discretion of the court."

In Mooneyhan v. Benedict, Tex.Civ.App., 1955, 284 S.W.2d 741, 742, writ.ref., on which the trial judge relied in the instant case, the plaintiff offered in evidence a certified copy of the record of the corporation court showing that the defendant had been charged with speeding, pleaded guilty, and paid his fine. The Court refused to admit the record in evidence because the plea was not a "legal plea of guilty". The Texas Court held:

"The trouble here, however, is that there was no legal plea of guilty. The evidence, heard in the absence of the jury, is undisputed that appellee *mailed* a check for his fine in the amount shown on his notice to the Corporation Court, and that he never appeared in such court either in person or by attorney as required by Article 518, Vernon's Ann.Code of Criminal Procedure.

"There being no valid plea of guilty the court did not err in excluding the proffered record nor in refusing to permit evidence regarding this prosecution to be heard by the jury."

■ In view of Mooneyhan v. Benedict, the evidence as to the disposition of Gossett's traffic ticket was inadmissible, as a legal plea of guilty, to prove the judgment of conviction or to establish the truth of the facts recited in the traffic charge. "We do not pass upon the validity of the judgment of the Corporation Court", the court said in Mooneyhan. "We merely hold it inadmissible because not based upon a proper plea of guilty."[7]

### III.

The trial judge assumed that the evidence was inadmissible for all purposes. We take a different view.

"It constantly happens that a fact which is inadmissible for one purpose is

guilty and what might be loosely termed 'quasi-pleas of guilty', is probably the most vexatious category from the standpoint of the average defense lawyer. * * * [I]n a large percentage of the cases finds that, with a truly awesome disregard for future consequences, his assured, who may have had a good defense to the criminal charge, but did not want to spend the money to prove it, has pled guilty and paid a fine of $2 and costs. * * * *It is pretty well recognized in all jurisdictions that such a plea of guilty should be received in evidence as an admission on the part of the person charged.* * * * Fortunately, in most jurisdictions evidence of such a plea of guilty is not conclusive in the subsequent civil action, but may be explained by the party concerned." Griffis, Evidence of Disposition of Related Criminal Case in Subsequent Damage Suit, 25 Ins.Couns.J. 481, 482 (1958).

6. "[T]he judgment is admitted, not as a judgment establishing a fact, but as a declaration or admission against interest that the fact is so. However, the defendant may testify as to the circumstances under which the plea was made and explain the reasons for such plea." Race v. Chappell, 1947, 304 Ky. 788, 202 S.W.2d 626. The Court may instruct the jury that such a plea "is not conclusive and [it] may be explained. * * * It is received as an admission against interest". Berlin v. Berens, 1956, 76 S.D. 429, 80 N.W.2d 79, 83.

7. See Pridemore v. San Angelo Standard, Tex.Civ.App., 164 S.W.2d 859, writ. ref., distinguished in Mooneyhan. Griffis writes that "the two cases can be reconciled only on the basis that the mere fact of *payment alone* may be proved as an admission, regardless of a legal plea of guilty".

admissible for other purposes. * * * [It] is not inadmissible because it does not satisfy the rules applicable to it in some other capacity and because the jury might improperly consider it in the latter capacity. This doctrine, though involving certain risks, is indispensable as a practical rule." [8] Thus, in Johnson v. Empire Machinery Company, 5 Cir., 1958, 256 F.2d 479, 482 involving an automobile accident, the defendant's driver, who was not named as a party defendant, paid a fine "for following too closely". This Court held that evidence of his payment of the fine was not admissible against his principal, but it was "clearly admissible for the purpose of impeaching" the defendant's driver as a witness after he testified that he was free from any fault or negligence.[9] We have a similar situation in the case before us, except that it is somewhat stronger because of Gossett's signed admission.

When evidence of a criminal judgment is offered in a civil suit, it is usually to prove the fact of conviction or to prove, as against the defendant, the truth of the facts alleged or implicit in the criminal charge on which the judgment is based. The judgment may have come after a plea of not guilty and a trial leading to a verdict of guilt beyond a reasonable doubt, or it may have come after a legal plea of guilty. Both judgments, when provable in a civil case, carry sufficient value to overcome their hearsay effect. See Rule 521 of the Model Code of Evidence and Rule 63(20) of the Uniform Rules of Evidence.

■■ A plea of guilty is admissible on a different basis. It is not offered to prove a conviction or to prove the facts recited in the charge, but to prove that the offender, not necessarily the defendant in the civil suit, *admitted* the facts. A plea of guilty offered in evidence in another trial should be accorded weight, therefore, regardless of its ineffectiveness as a formal criminal plea of guilty, to the extent that the offender would consider that he would be prejudiced by the admission and hence likely to be deterred from making it. In some cases the fine may be so small and the stigma so slight that a plea of guilty in a traffic court is no badge of the trustworthiness of the plea as a declaration against interest. In other cases the size of the fine, the stigma that may attach, and the risk of increasing one's liability may be deterrent factors of sufficient importance to be tags of truthworthiness. In this case the summons was the first bad mark on Gossett's record as a driver; so rare a person might regard a traffic charge as not untrivial. The fine of twenty dollars is not small for a truck driver. Gossett did not just mail the amount of the fine; he appeared and signed a statement saying that he "understo[od] the nature of the charge against [him] and wish[ed] to plead guilty". We consider that on the face of these facts the payment of the

8. 1 Wigmore on Evidence § 13. See also McCormick, Evidence, § 59; Kansas City Southern Railway Co. v. Jones, 1916, 241 U.S. 181, 36 S.Ct. 513, 60 L.Ed. 943; Sprinkle v. Davis, 4 Cir., 1940, 111 F.2d 925, 128 A.L.R. 1101.

9. "Cooper was not a party defendant. His employment was as a parts and delivery man. His authority to bind the defendant was limited to the scope of his employment. His action, several days after the accident, in paying a fine 'for following too closely' could not be introduced as an admission against his principal. See Liner v. United States Torpedo Co., Tex.Com.App., 16 S.W.2d 519; Annotation 18 A.L.R.2d 1312. The evidence was, however, clearly admissible for the purpose of impeaching Cooper after he had testified as a witness for the defendant. Broadly speaking, his testimony tended to prove that he was free from any fault or negligence. The plaintiff then had a right to cross-examine him as to his payment of the fine without insisting on a trial. The jury might have believed his explanation or, instead, it might have inferred that he paid the fine because he was not free from fault in causing the collision. Compare Sherwood v. Murray, Tex.Civ. App., 1950, 233 S.W.2d 879, 882; Bush on Criminal Convictions as Evidence in Civil Proceedings, 29 Miss.Law Journal (May 1958), 277, 283." Johnson v. Empire Machinery Company, 5 Cir., 1958, 256 F.2d 479, 482.

fine and the signing of the statement constituted, not an admission against interest of the defendant as it would have been if a formal plea of guilty had been entered, but an admission against interest bearing on the credibility of Gossett as a witness. The fact, therefore, that Gossett's signed statement given to a clerk does not meet the statutory requirements needed to support a valid judgment has nothing to do with its admissibility for impeachment purposes.

The Texas Court recognized the force of this distinction in Mooneyhan v. Benedict. In that case, on rehearing, appellants contended vigorously that evidence of the payment of the fine for speeding "should have been admitted as an admission against interest and this without regard to the validity of the court proceeding". The court said that it "recognize[d] the force of this contention but [did] not consider a decision of the question required, since such admission, if such it be, was cumulative". [Tex.Civ. App.1955, 284 S.W.2d 744.]

In the case before us counsel for plaintiff did not make plain his purpose in offering the excluded evidence. Nevertheless the context in which it was offered shows that the evidence was to impeach Gossett as a witness. The evidence was offered on cross-examination of Gossett. Then, just before the first mention of the traffic summons, Gossett had testified as to the speed of the truck and his skidmarks. Gossett's testimony bears materially on the critical issues in the case: which car was where, how wide was Gossett's turn, and how fast was Gossett driving. His statements on the stand directly contradict his admissions that

he was making "a wide right turn and driving too fast under conditions".

■ Good practice should have required the plaintiffs' attorney to lay a better predicate than he did for impeachment. He should have stated plainly the purpose of the offer. We think, however, that the trial judge should have admitted the excluded evidence, after unequivocal instructions that it should be considered only as bearing on Gossett's credibility and not as evidence against the defendant of the truth of the facts alleged in the traffic charge.[10] In some cases such instruction may be ineffective. It is one thing to instruct a jury to disregard certain effects of evidence. It is quite a different thing for jurors to obliterate the effects from their minds. There will be cases where the danger of the jury's misuse of the evidence for the incompetent purpose is great, and its value for the legitimate purpose is slight. In extreme situations the trial judge should, in the exercise of a reasonable discretion, exclude the evidence.

This case rests entirely on the veracity of Junior Gossett and on the veracity of the Dunhams. We feel that substantial justice requires remand of this case for a new trial, to allow a jury to decide whether Gossett was telling the truth when he testified at the trial or telling the truth four days after the accident, when he paid his fine of twenty dollars and signed a statement admitting that he made too wide a turn at too fast a speed.

The Court finds it unnecessary to consider the other questions raised on this appeal.

The case is reversed and remanded for a new trial.

10. The effect of an informal plea of guilty as a declaration against interest is limited to the party making the plea. Gossett, as a truck driver for Pannell, had no authority to bind his employer by pleas in court or by any statements or actions beyond the scope of his employment. His admission, therefore, is clearly not admissible against his principal, Pannell. Johnson v. Empire Machinery Co., 5 Cir., 1958, 256 F.2d 479; Liner v. United States Torpedo Co., Tex.Com.App., 16 S.W.2d 519. The effect of a formal plea of guilty supported by a valid judgment may carry beyond its effect on the party making the plea, and tends to prove in the civil suit the truth of the facts alleged or implicit in the criminal action. See Note 4.

HUTCHESON, Chief Judge (dissenting).

I must confess that, considered as a statement of what the majority believes the law ought to be, the opinion is an excellent and almost convincing piece of argumentation, and, if I agreed with what I regard as their quasi-legislative view, I should be greatly tempted to associate myself with their masterpiece.

Admonished, however, by the great ones,[1] whose memories I revere and whose precepts I cherish, against yielding to such siren voices, I firmly stand my ground on the law as it is. So standing, while I agree with some of what is said in the opinion, I dissent both from the result and from much that is said in the approach to it.

In general agreement with what is said in Secs. I and II of the opinion, my disagreement begins with the statement in the first sentence of Sec. III:

"The trial judge assumed that the evidence was inadmissible for all purposes."

In so stating, the opinion assumed in its support what, with deference, the record does not support, indeed refutes.

Realizing that, saying no more, I expose myself to the same charge of assuming, I hasten to acquit myself by saying that I need only point to footnote one of the majority opinion, where the statement of the trial judge dictated into the record is set out to, establish that what and all that the court said was in response to, and was a ruling on, the attempt to get Gossett's action on the traffic charge into evidence as an admission against the interest of the defendant as indeed it would have been if a formal plea of guilty, as that is understood under the Texas statutes and cases,[2] had been entered by him. My disagreement continues with the citation, as authority for the decision in this case, of our case of Johnson v. Empire Machinery Co., 256 F.2d 479, holding that a plea of guilty to a traffic charge entered by the driver of the car would not be admissible against the defendant, his employer. The only Texas case cited in support, Liner v. United States, 16 S.W.2d 519, was not a traffic case, and the very much later decision, Fisher v. Leach, note 2, supra expressly holds that where a formal plea of guilty is entered by the driver, this is admissible against the owner. Further, the Texas case of Sherwood v. Murray, 233 S.W.2d 879, cited in support of the holding in the Johnson case, that, though not receivable as an admission, because the plea was not formally entered, evidence as to the drivers having paid a fine could be used for impeachment, with deference does not so hold. On the contrary, though the case was not one of the payment of a fine but of the forfeiture of a bond, the court, after discussing the question of admissibility of the evidence of a conviction, stated, "However, we have found no authority holding evidence of such conviction admissible for the purpose of impeaching the witness". My disagreement with the majority opinion on this score culminates with the statement of the court on page 731 of 263 F.2d: "The fact * * * that Gossett's signed statement given to a clerk does not meet

---

1. Said Justice Roberts of the Supreme Court of Texas many years ago:

"Whoever undertakes to determine a case solely by his own notions of its abstract justice, breaks down the barriers by which rules of justice are erected into a system, and thereby annihilates law.

*    *    *    *    *

"To follow the dictates of justice, when in harmony with the law, must be a pleasure; but to follow the rules of law, in their true spirit, to whatever consequences they may lead is a duty.

* * *" Duncan v. Magette, 25 Tex. 245, at page 253; 51 C.J.S. Justices of the Peace § 1, p. 1, note 1, and 52 C.J.S. Law p. 1025, notes 36 and 37.

12. Fisher v. Leach, Tex.Civ.App., 221 S.W.2d 384; Mooneyhan v. Benedict, 284 S.W.2d 741; Johnson v. Woods, Tex.Civ. App., 315 S.W.2d 75, at page 77; Rollin v. Condra, Tex.Civ.App., 309 S.W.2d 940; Condra Funeral Home v. Rollin, Tex., 314 S.W.2d 277.

the statutory requirements needed to support a valid judgment has nothing to do with its admissibility for impeachment purposes. The Texas Court recognized the force of this distinction in Mooneyhan v. Benedict". With deference, it did not do this.

As shown in the majority opinion, appellants, on rehearing, contended vigorously that evidence of the payment of the fine for speeding *"should have been admitted as an admission against interest,* and this without regard to the validity of the court proceeding." No contention was made that the evidence *was admissible for impeachment,* and the court made no such ruling and gave no intimation that it was or would have been.

It is my view, based on Texas authorities, including the Mooneyhan case, 284 S.W.2d 741, which does not, as asserted by the majority, support the rule for which they contend but the contrary, that Texas, having taken its place with the minority of the states which give effect, *as an admission against interest, to a formal plea entered in a traffic case by a defendant or his driver,* must be regarded as accepting the view of those states that, when it is a formal plea, an admission of the owner of the car or his agent is an admission against interest and as rejecting altogether the offer of, or inquiry about, a defective plea because calculated, if permitted in evidence, to have the effect and weight of an admission, though in law and in fact it is not one. In short, while I can see how a formal plea of guilty in a traffic case can be given the effect of an admission generally accorded to a formal plea in a criminal case, I agree fully with those who argue as Griffis does in the Insurance Journal article cited in the majority opinion, that to invest, the normal and usual practice of settling out of court a summons to a traffic court, with the consequences of its being used against the person so settling it in case a damage suit is filed,

is to attribute to the action consequences which it does not in fact or in law have.

To show the attitude of the Supreme Court of Texas in this whole matter of using traffic tickets and payment of traffic fines to influence a decision in a damage suit, I cite and quote from Condra Funeral Home v. Rollin, 314 S.W.2d 277, where the court reversed a judgment on a verdict because of the misconduct of counsel in persisting in inquiring whether a traffic ticket was given to the defendant by a traffic officer, the court at page 282 saying:

"Presumptively, at least, traffic tickets are only given for violation of penal ordinances or statutes and not for the purpose of establishing fault in civil litigation. If it had been established that tickets were given to both or neither of the parties to the collision, it would still have been the duty of the jury to answer separately each issue from a preponderance of the evidence."

Finally, if the majority is right in holding that if the plaintiff had made the objection it would have been good, I disagree and vigorously dissent from the ruling which puts the district judge in error for a purported ruling which he did not make on a point which was not presented to him by the plaintiff for a ruling.

I dissent from it because it runs counter to the rule and the practice under the uniform course of decision, that one who makes an offer of evidence which when made generally and without limitation is inadmissible is required, if it is admissible for a limited purpose, to state that purpose. If, which does not seem likely since he said nothing about it on the trial, plaintiff was offering it for the limited purpose of impeachment, he cannot claim error if the judge, in the absence of his stating such purpose, *sustains the objection.*

Viewing a case from the ivory tower of an appellate tribunal and reversing a judgment on a verdict merely to afford

the losing party, who has failed to make a proper record, another trial and another chance to do so, in my opinion, has no place in a jury trial in the federal court where the district judge and the jury bear the heat and burden of the day and the verdict of a jury, whether for defendant or for plaintiff, may not be nullified where no proper predicate for a claim of error is laid, unless, which is clearly not the case here, the aberration from good trial practices has been so egregious as to amount to a denial of justice.

I respectfully dissent.