**Lillian M. RAIN and James A. Rain, her husband, Appellants,**

v.

**Theodore PAVKOV, Appellee.**

**No. 15417.**

United States Court of Appeals Third Circuit.

Argued Dec. 16, 1965.

Decided March 11, 1966.

Abe R. Cohen, Pittsburgh, Pa. (Crone & Cohen, Pittsburgh, Pa., on the brief), for appellants.

Giles J. Gaca, Pittsburgh, Pa. (Robert S. Grigsby, Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., on the brief), for appellee.

Before McLAUGHLIN, HASTIE and SMITH, Circuit Judges.

WILLIAM F. SMITH, Circuit Judge.

This action was brought by Lillian Rain to recover damages for personal injuries allegedly sustained as the result of the defendant's negligence. She was joined by her husband, James A. Rain, who sought recovery for his consequential damages. The jurisdiction of the court below was based on diversity of citizenship, 28 U.S.C.A. § 1332, as amended. This appeal is from a judgment entered on a jury verdict in favor of the defendant. The plaintiffs urge reversal on four grounds, only two of which require discussion.

The plaintiff Lillian Rain sustained personal injuries when a Chevrolet truck in which she was a passenger was struck from the rear by a Volkswagen which was first struck from the rear by an Edsel station wagon owned and operated by the defendant. The collision occurred at about dusk on November 25, 1962, as the vehicles approached an interchange leading to the Pennsylvania Turnpike; the weather was clear and the roadway dry. By way of exculpation the defendant explained that his station wagon was hurled against the Volkswagen when struck from behind by an unidentified vehicle which left the scene of the accident.

■■ Assuming the explanation to be true, the defendant would not be relieved of liability if he had been guilty of negligence which was a proximate cause of the collision between his vehicle and that which allegedly struck it from the rear. Chadwick v. Popadick, 390 Pa. 511, 136 A.2d 87 (1957); Keller v. Keystone Furniture Co., 132 Pa.Super. 547, 1 A.2d 562 (1938); see also Jeloszewski v. Sloan, 375 Pa. 360, 100 A.2d 480 (1953). There was evidence in the record from which the jury could have so found.

The defendant testified that as he approached the interchange he had a clear view of the road ahead and saw a line of traffic at the end of which was the Volkswagen. He diminished the speed of his vehicle from 40 to 30 miles an hour and "lower." It appears from undisputed testimony that the line of traffic was moving at a speed of approximately two to four miles per hour. The defendant further testified that as he came within five or six car lengths of the Volkswagen he observed for the first time that it was either "stopped" or "moving slowly." He then applied his brakes suddenly in order to avoid colliding with the Volkswagen and as he did so the station wagon skidded forward a distance of approximately two car lengths.

The defendant heard a screech of brakes from behind and almost simultaneously his station wagon was struck from the rear by the unidentified vehicle and hurled against the Volkswagen, which then struck the Chevrolet truck. Admittedly the defendant gave no signal or warning of his intention to stop except that which presumably came from the "stop lights" of the station wagon as the brakes were applied; this was only seconds before the collision between the station wagon and the unidentified vehicle occurred.

Notwithstanding some conflict in the defendant's testimony, the jury could have found therefrom that the defendant failed to maintain adequate observation as he approached the slowly moving line of traffic which was clearly visible to him from a distance; that he failed to maintain his vehicle under proper control as he approached the line of traffic; and, that he came to a quick or sudden stop without giving adequate signal or warn-

ing to the vehicles behind. The jury also could have found from this combination of facts that the defendant was negligent and that his negligence was a proximate cause of the successive collisions which resulted in injury to the plaintiff Lillian Rain.

Pursuant to the defendant's request, and consistent with the main charge, the trial judge instructed the jury as follows: "If the collision with the plaintiffs' vehicle and the Volkswagen resulted solely from the fact that the defendant's vehicle was hit from the rear and pushed forward, you may return a verdict in favor of the defendant." Before the jury retired to deliberate, counsel for the plaintiffs said to the Court, " * * *, it is my feeling that even if the defendant was struck from the rear, if that act was caused by the negligence of the defendant in the operation of his vehicle, the defendant is responsible." The Court treated this statement as a request for specific instructions and denied it on the ground that the matter had been fully covered in the main charge. This was prejudicial error.

We have examined the instructions in their entirety and find no reference therein to the alternate theory of negligence upon which the plaintiff's request for specific instructions was based. Since there was ample evidence to support the theory, the plaintiff was entitled to have the jury instructed substantially as requested. Blassingill v. Waterman Steamship Corporation, 336 F.2d 367, 368 (9th Cir. 1964); Heerman v. Burke, 266 F.2d 935, 939, 73 A.L.R.2d 1206 (8th Cir. 1959); Montgomery v. Virginia Stage Lines, 89 U.S.App.D.C. 213, 191 F.2d 770, 772 (1951); Chicago & N. W. Ry. Co. v. Green, 164 F.2d 55, 61 (8th Cir. 1947). Absent such an instruction, the Court's charge was deficient and misleading in that it effectively precluded consideration by the jury of material facts bearing on the issue of the defendant's liability.

In response to a series of questions propounded on cross-examination the defendant testified that shortly after the accident he appeared before a local magistrate and entered a plea of guilty to a charge of reckless driving. He then went on to explain the circumstances under which this plea was entered. The testimony was received over the objection of the defendant's counsel. Before the case was submitted to the jury the trial judge reversed his ruling on the question of admissibility holding that the testimony was inadmissible under § 1211 of the Pennsylvania Motor Vehicle Code, 1959, 75 P.S. § 1211.

Pursuant to the request of the defendant, and consistent with his second ruling, the trial judge instructed the jury as follows: "The fact that the defendant paid a fine having been charged with a violation of the Motor Vehicle Code is completely irrelevant and immaterial in this lawsuit and you should disregard it, because that fact should never have been placed in evidence." This instruction was erroneous.

It is the general rule that a plea of guilty to a charge of reckless driving is an admission against interest, and evidence thereof is admissible in an action for personal injuries based upon the same facts and circumstances from which the charge arose. Eschelbach v. William S. Scull Co., 293 F.2d 599 (3rd Cir. 1961); Dunham v. Pannell, 263 F.2d 725, (5th Cir. 1959); Levelle v. Powers, 248 F.2d 774 (10th Cir. 1957); Home Indemnity Co. of New York v. Standard Acc. Ins. Co., 167 F.2d 919 (9th Cir. 1948). See also Annot. 18 A.L.R.2d 1287, 1307–1315 (1951). While the statutory rule of Pennsylvania, upon which the court below relied, is clearly to the contrary, it is not controlling in an action in the federal courts.

Rules of evidence are, with few exceptions, procedural and therefore any question as to the receipt of evidence in the federal courts must be determined under Federal Rules Civ.Proc., rule 43 (a), 28 U.S.C.A., which provides: "All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in

equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held." Under this rule evidence which meets any one of the prescribed tests is admissible in the federal courts. In the event of a conflict between state and federal law, the rule which favors admissibility must be followed.

It has been held that "state rules of Admissibility are controlling in the federal courts, state Exclusionary rules are not, and evidence admissible under either of the first two tests must be received even though the state courts would hold otherwise." 5 Moore's Federal Practice, ¶ 43.04 at 1327 (2d ed. 1964); United States v. Featherston, 325 F.2d 539, 542 (10th Cir. 1963); Hambrice v. F. W. Woolworth Co., 290 F.2d 557 (5th Cir. 1961); Monarch Insurance Company of Ohio v. Spach, 281 F.2d 401 (5th Cir. 1960). The same principle applies where the rule of exclusion is established by a state statute. Mutual Life Insurance Company of New York v. Bohlman, 328 F.2d 289, 293, 294 (10th Cir. 1964). The application of rule 43(a) is subject to exception in diversity actions in which the relevant local rule involves a matter of substance, such as the requirements as to burden of proof. 5 Moore's Federal Practice, ¶ 43.08, at 1335–1340 (2d ed. 1964); Ellis v. Henderson, 204 F.2d 173, 175 (5th Cir. 1953), cert. den. sub nom. Marine Welding, Scaling & Sales Co. v. Ellis, 346 U.S. 873, 74 S.Ct. 123, 98 L.Ed. 381. We are not dealing with such a rule in the instant case.

▉▉▉ We are of the opinion, and so hold, that the testimony here in question was admissible under the second criterion: "evidence * * * admissible * * * under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity." Hope v. Hearst Consolidated Publica-

tions, Inc., 294 F.2d 681, 95 A.L.R.2d 213 (2nd Cir. 1961), cert. den. 368 U.S. 956, 82 S.Ct. 399, 7 L.Ed.2d 388; Carlson v. Chisholm-Moore Hoist Corporation, 281 F.2d 766, 772 (2nd Cir. 1960), cert. den. 364 U.S. 883, 81 S.Ct. 172, 5 L.Ed.2d 104, and the cases cited in the preceding paragraph. This criterion must be given a liberal construction consistent with the salutary purpose of rule 43(a) as one of admissibility and not of exclusion. *Id.* Courts of equity "accepted the rules of common law as to the admissibility of evidence." Wigmore on Evidence, § 4 (3rd ed. 1940); Greene, "The Admissibility of Evidence Under the Federal Rules," 55 Harv.L.Rev. 197, 201 (1941). Where, as here, the rule favoring admissibility was one of general application prior to 1938, when the Federal Rules of Civil Procedure became effective, we may assume that the rule obtained in equity actions in the federal courts even though no reported decision so declares. See the cases heretofore cited in this paragraph.

In support of his argument against admissibility the defendant relies on Wright v. Wilson, 154 F.2d 616, 170 A.L.R. 1237 (3rd Cir. 1946). This case is distinguishable on its facts and is inapposite. Therein the question before the Court was whether the proffered testimony of a surviving party was admissible in the federal court in an action for personal injury against a defendant who had died while the litigation was pending. The Court held that the proffered testimony was inadmissible. This decision was based upon a determination that the surviving party was incompetent to testify under the Pennsylvania statute, 28 P.S. § 325, or the common law rule as applied in equity actions in the federal courts.

The judgment of the court below will be reversed and the action will be remanded with directions that a new trial be ordered.