**William E. PRICHARD, Plaintiff,**
**Michael Fuhrman, Plaintiff,**
v.
**Clyde E. CONLEY, Fred L. Cable and Eugene Johnson, Defendants.**
**Civ. A. Nos. 2324, 2325.**

United States District Court
E. D. Tennessee,
Northeastern Division.
Aug. 21, 1969.

Wendal D. Jackson, Bristol, Tenn., W. E. Bowman, Jr., Greeneville, Tenn., for plaintiffs.

S. J. Milligan and James W. Fletcher, Greeneville, Tenn., for defendant Clyde E. Conley.

Alfred W. Taylor, Johnson City, Tenn., for defendants, Fred L. Cable and Eugene Johnson.

## MEMORANDUM AND ORDER

NEESE, District Judge.

Wendal D. Jackson, Esq., appeared at the pretrial conference of April 3, 1969 as counsel for both plaintiffs. On August 15, 1969, without the participation of either Mr. Jackson or either plaintiff, William E. Bowman, Jr., Esq., moved the Court for permission to become additional attorney of record for both plaintiffs and to associate with Mr. Jackson in the trial. Assuming the concurrence of each of the plaintiffs, this motion hereby is granted.

The plaintiff Mr. Pritchard moves, oddly, to amend the pretrial order of May 26, 1969 to permit his claiming of a permanent injury. This motion hereby is denied as moot, because Mr. Pritchard claimed permanent injuries in the pretrial order aforementioned.

Three days before the date assigned for the commencement of trial herein the plaintiffs moved to amend and supplement the pretrial order by the addition of exhibits and witnesses.

The defendants have declined to agree to the exhibits and object to the addition of witnesses. The motion of the plaintiffs as to the addition of witnesses and the use of six colored photographs of the plaintiffs hereby is denied. *Cf.* Payne v. S. S. Nabob, C.A.3rd (1962), 302 F.2d 803, 807 [6], certiorari denied (1962), 371 U.S. 870, 83 S.Ct. 136, 9 L.Ed.2d 107, noted (1962), 36 Temp.L.Q. 101.

■ To prevent a manifest injustice to the plaintiffs, Rule 16, Federal Rules of Civil Procedure, such motion as it pertains to a certified copy of the admission of the defendant Mr. Conley that he was guilty of an assault and battery with an automobile and driving while intoxicated hereby is conditionally granted. An issue herein is whether Mr. Conley was guilty of negligence which proximately caused any injuries and damage to either plaintiff. Violation of a statute which undertakes to define what constitutes ordinary care in a given situation is negligence. One claim of the plaintiffs is that Mr. Conley violated a Tennessee statute, T.C.A. sec. 59–1031, proscribing the driving of motor vehicles by intoxicated or drugged persons. If it is shown that Mr. Conley drove a motor vehicle in an intoxicated condition at the time and place claimed by the plaintiffs, this constitutes negligence *per se.*

■ If the evidence shows that the defendant Mr. Conley pleaded guilty in a court of competent jurisdiction to a charge of driving a motor vehicle while intoxicated at such time and place as claimed by the plaintiffs, such plea is an admission by the defendant Mr. Conley against his interest, and evidence thereof is admissible in these actions by the plaintiffs for personal injuries and other damages, based on the same facts and circumstances from which the criminal charge arose. *Cf.* Rain v. Pavkov, C.A. 3rd (1966), 357 F.2d 506, 509 [5], with reference to a plea of guilty to a charge

of reckless driving, and cases there cited; Roper v. Scott (1948), 77 Ga.App. 120, 48 S.E.2d 118; Morrissey v. Powell (1939), 304 Mass. 268, 23 N.E.2d 411, 124 A.L.R. 1522, both with reference to a plea of guilty to a charge of drunken driving; see also Fisher v. Leach (1949, Tex.Civ. App.), 221 S.W.2d 384, error ref n r e, with reference to a plea of guilty to a charge of assault with a motor vehicle.

However, the proffered exhibit is admitted only on a proper showing that Mr. Conley's aforementioned guilty pleas were made from the same set of circumstances out of which these actions arose, and, if thus admitted, the defendant Mr. Conley will be permitted to show and explain the circumstances under which such plea was made. Race v. Chappell (1947), 304 Ky. 788, 202 S.W.2d 626.

■ The further motion of the plaintiff Mr. Fuhrman to amend and supplement the pretrial order herein so as to show proximate loss of " * * * wages and commissions * * * because of his being unable to work *and the like* * * *" (emphasis supplied) hereby is also denied. Not only does the plaintiff Mr. Fuhrman undertake to inject this considerable new claim of damage at the eleventh hour, when the defendants are left with insufficient time in which to prepare a defense thereto, Payne v. S. S. Nabob, *supra,* the proposed new claim of damage to this plaintiff is insufficiently direct, Rule 8(e) (1), Federal Rules of Civil Procedure, to advise the defendants of its exact nature. While ordinarily, such amendment of the pleadings as may be necessary to conform them to the evidence and raise new issues are permitted at any time, even after judgment, this presupposes the trial of issues by the express or implied consent of the parties. Rule 15(b), Federal Rules of Civil Procedure. Here, the defendants withhold their consent to the trial of the proposed new issue.