Joseph **BROGNANO**

v.

**GREYHOUND FOOD MANAGEMENT, INC., a corporation.**

Civ. A. No. 66–1506.

United States District Court
W. D. Pennsylvania.

Sept. 30, 1969.

Earl J. Cavanaugh, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Theodore O. Struk, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

GOURLEY, District Judge.

In this civil jury action based on negligence and diversity of citizenship, the immediate matter before the Court is objections to supplemental interrogatories submitted by the plaintiff to defendant. Objection is being offered as to the interrogatories which raised the question as to whether the operator of the motor vehicle of the defendant entered a plea of guilty to a violation of the summary provisions of the Motor Vehicle Code of the Commonwealth of Pennsylvania. The Court is well aware that under the statutes of Pennsylvania and the decisions of the Supreme Court in this Commonwealth said evidence is improper and will not be admissible.

However, under the law, evidence is admissible either under the state law or federal law, whichever is more favorable to the party who desires to offer the evidence. This rule of law is so firmly imbedded that reference to citations is not required. Furthermore, the United States Court of Appeal for the Third Circuit by whose opinions and decrees this Court is bound, has enumerated the rule of law that pleas of guilty to a violation of the Motor Vehicle Code which has any relationship to an accident involved in litigation should be received in evidence as an admission against interest. Rain v. Pavkov, 357 F.2d 506 (3rd Circuit).

In view of the foregoing, the answers to interrogatories shall be made.

As to two additional interrogatories, objection thereto has been withdrawn. An appropriate Order is entered.